Wendlandt vs. Cavanaugh.

WENDLANDT, Respondent, vs. CAVANAUGH, Appellant.

*April 14 — May 23, 1893.*

(1) *Counterclaim: Demurrer: Immaterial error.* (2, 3) *Nuisance: Dis-
charge of surface water upon land of another: Equity.*

1. An error in sustaining a demurrer to a counterclaim is immaterial
   where the facts stated therein were also pleaded as a defense and
   were negatived by the findings.
2. Under sec. 3180, S. & B. Ann. Stats., an equitable action may be main-
   tained to restrain defendant from discharging upon plaintiff's land,
   through a ditch, surface waters and waters from a fountain and
   springs, collected into a basin by defendant, "when the injury is
   continuous and constantly recurring;" and the action is none the
   less in equity because damages for past injuries are claimed.
3. The private owner of land on which there is a pond or reservoir of
   surface water cannot lawfully discharge it through an artificial
   channel directly upon the land of another, greatly to his injury.
   *Pettigrew v. Evansville,* 25 Wis. 223.

APPEAL from the Circuit Court for *Green Lake* County.
Plaintiff is the owner in fee of the east half, and the de-
fendant of the west half, of a certain quarter section of

Wendlandt vs. Cavanaugh.

land. This is an action in equity to restrain the defendant from maintaining a ditch dug by him on his own land, through which the waters gathered on his land are discharged upon and injure the land of plaintiff, and to recover damages for past injury caused thereby.

The complaint alleges that in 1888 defendant dug and constructed a fountain upon his own land, and thereby caused the subterranean waters to come to the surface, and dug and constructed a ditch to the line between the lands of the parties, in which he collects the waters which flow from such fountain and certain springs, together with the surface water on his land, and discharges the same upon the land of plaintiff, destroying the grass growing thereon and spoiling his meadow land. The complaint further alleges that "said fountain will continue to flow, and the said waters of springs and other fountains and surface water continue to be collected in said ditch, and caused to flow in, upon, and over the plaintiff's lands, to his great damage in the future, unless the defendant be enjoined and prohibited from so causing the waters aforesaid to flow through said ditch and upon said lands; and said lands of this plaintiff will become entirely worthless and of no value." The relief demanded is that defendant be restrained by the judgment of the court from permitting such water to be thus emptied through the ditch upon plaintiff's land, and that the plaintiff recover his damages and costs.

The answer contains a general denial, and also special averments as follows: (1) That the ditch in question was dug to straighten a natural watercourse; (2) that defendant had a right by prescription to flow such waters across plaintiff's land through a ditch and watercourse on the line between the lands of the parties, but that, eight or nine years before, plaintiff built a dam across such ditch and watercourse, and caused the water which otherwise would have passed off through the same to flow back upon de-

fendant's land, whereby it became necessary to dig the ditch complained of to get rid of such water; and (3) that plaintiff consented to the digging of the same. The answer also contains a counterclaim for damages caused defendant by the building of such dam by plaintiff across such ancient ditch and watercourse. The court sustained a general demurrer to such counterclaim.

At the commencement of the trial the defendant demanded that the cause be tried by a jury as an action at law. The court refused the demand, and thereupon defendant demurred *ore tenus* to the complaint for that it states no cause for equitable relief. The court overruled the demurrer, and the trial proceeded before the court without a jury.

. With the above preliminary statements, the case, as it stood upon the proofs, will be best understood by inserting the principal findings of the court. These are as follows: " (1) That except as herein specifically found all the allegations of the complaint are true. (2) That except as herein specifically found no allegation of the defendant's answer is true. (3) That the lands of the defendant are generally higher than the lands of the plaintiff, and that a larger part of the defendant's lands are nearly level, and that there are thereon several low places or swales. That near the west line of defendant's land, and within about two rods of where the defendant dug the fountain, there is a low place or basin into which the water caused by rain and the melting of snow were wont to collect, and for some years last past the water from a spring situated about eighty-six rods northwest of this sink hole had also emptied into this pond, following down to the pond in ditches dug on the line between adjacent landowners, and mingling with the surface water collected in such ditches. That the water so collected could not all run off. Some stood stagnant, or soaked into the ground, or evaporated,

and in high water a part thereof ran over the surrounding marsh, and settled in other low places, and some soaked into the ground, some was taken up by evaporation, and some passed off generally in a southeasterly course and across the plaintiff's land about twenty rods south of the mouth of the ditch dug by defendant. (4) That in June, 1887, the defendant dug the fountain mentioned in the complaint, and the subterranean waters therefrom ran into the sink hole or pond mentioned in the third finding of fact. (5) That in June, 1888, the defendant dug the ditch described in the complaint, running through such pond or sink hole as far west as the west margin or edge thereof, and from the sink hole or pond running easterly to a line ditch situated on or near the north and south line between plaintiff's and defendant's lands, which line ditch empties into an east and west ditch running through the plaintiff's land towards his meadow and pasture land. (6) That there were natural embankments or ridges on defendant's land, running north and south, which theretofore prevented the water from running in the place or course taken by said ditch dug by defendant. (7) That the immediate result of digging such ditch was to empty the water from said sink hole or pond onto the plaintiff's meadow and pasture land, and the same overflowed and destroyed the grass on thirteen acres of meadow, and soaked and made wet plaintiff's pasture lands, and the continued running of the water from said fountain, from the marsh, and from the spring, through such ditch, drained such sink hole and created a new pond or reservoir down upon the plaintiff's land, and will if continued destroy about thirteen acres of his meadow and injure his pasture, keeping the same soft and wet." The remaining findings relate to damages, which are found to be $30.

The conclusions of law are as follows: "(1) That the plaintiff is entitled to recover the relief demanded in his complaint; (2) that the plaintiff is entitled to a permanent

Wendlandt vs. Cavanaugh.

and mandatory injunction, as prayed in his complaint, restraining the defendant from permitting the water hereinbefore mentioned to be emptied or caused to flow in, upon, or over the land of the plaintiff, through or by means of said ditch dug by him, and from permitting the ditch dug by him to be used for conveying water to and upon plaintiff's land described in the complaint; (3) that plaintiff is entitled to judgment for his damages, assessed at thirty dollars, and for his costs and disbursements in this action, to be taxed." From the judgment for plaintiff, entered in accordance with the above conclusions of law and order for judgment, the defendant appeals.

For the appellant there was a brief by *Waring, Eichstaedt & Niskern,* attorneys, and a separate brief by *Gabe Bouck,* of counsel, and oral argument by *Perry Niskern* and *Mr. Bouck.* To the point that this was an action at law, they cited *Stadler v. Grieben,* 61 Wis. 500, 504; *Remington v. Foster,* 42 id. 608.

For the respondent there was a brief by *Thompson, Harshaw & Davidson,* and oral argument by *J. H. Davidson.*

LYON, C. J. Much testimony was introduced on the trial, and there is considerable conflict in the statements of some of the witnesses. We have examined the testimony sufficiently to satisfy us that it supports the findings of the learned circuit court. Statement and discussion of the testimony in this opinion would be profitless, and we refrain therefrom. Three questions must be determined, and it is believed that they cover the whole case. These are: (1) Was the demurrer to the counterclaim properly sustained? (2) Did the court properly deny the demand of defendant for a jury trial, and properly overrule his demurrer *ore tenus* to the complaint? Or, stated in another form, was the action properly brought in equity? And (3) is the judgment supported by the findings?

Wendlandt vs. Cavanaugh.

1. Was the demurrer to the counterclaim properly sustained? The counterclaim is for damages accruing to defendant by reason of the dam alleged to have been built by plaintiff in 1880 across the ditch on the line between the lands of the parties, and to restrain plaintiff from maintaining such dam. If a proper counterclaim, it is so because it states a cause of action arising out of the transactions set forth in the complaint as the foundation of plaintiff's claim, or is connected with the subject of the action. R. S. sec. 2656. Such transactions are the raising to the surface of the subterranean water by digging the fountain, and gathering the same and water from certain springs and the surface water in the sink hole or basin, and then precipitating all of it in a body upon plaintiff's meadow through the ditch dug by defendant in 1888. The subject of the action is the damage caused thereby to plaintiff's land. It is difficult to perceive the connection between the act of plaintiff in 1880 and the acts of the defendant in 1888, or how one can properly be said to arise out of the other. But, however this may be, there is a feature in the case which prevents a reversal, even though the demurrer to the counterclaim should have been overruled. The alleged facts which are the foundation of the counterclaim were also pleaded as a defense to the action, and are negatived by the court in the second finding of fact. Hence, had the demurrer been overruled, still the counterclaim would have failed, and the error in sustaining the demurrer thereto (if it was error) thus became entirely immaterial.

2. Does the complaint state a valid cause of action in equity? The action was brought under sec. 3180, R. S., as amended by ch. 190, Laws of 1882 (S. & B. Ann. Stats. sec. 3180[1]). In *Remington v. Foster*, 42 Wis. 608, it was

---

[1] Sec. 3180, S. & B. Ann. Stats., provides: "The circuit courts shall have jurisdiction of actions to recover damages for and to abate private nuisance, or a public nuisance from which any person suffers a private

Wendlandt vs. Cavanaugh.

held that an action under the corresponding section in the former statutes was an action at law, and that, because the statute corresponding with sec. 3181 gave the remedy of abatement of the nuisance complained of in such action, no action in equity for such abatement could be maintained. Thus the law remained until the enactment of ch. 190, Laws of 1882, which restored the equitable remedy in the several cases therein specified. One of these is, " when the injury is continuous and constantly recurring." The court has found substantially that this is such a case. We conclude the action was properly brought in equity. *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218; *Fraedrich v. Flieth,* 64 Wis. 184. It is none the less an action in equity because damages for past injury by reason of the nuisance are claimed and awarded. *Cedar Lake Hotel Co. v. Cedar Creek Hydraulic Co.* 79 Wis. 297.

3. Is the judgment supported by the findings? Such findings are to the effect that there was a low place or basin on defendant's land in which water caused by rains and melting snow was wont to collect, ·much of which soaked into the ground or was wasted by evaporation; that ditches were dug which conducted the water from springs into such basin; that the quantity of water therein was also increased by a fountain dug by defendant which brought the subterranean water to the surface and into such basin; and that the defendant dug a ditch through an elevation of the ground on his own land near the plaintiff's line, and through it precipitated the water thus collected

in such basin or pond directly upon plaintiff's land, creating a new pond of water thereon, greatly injuring his meadow and threatening thirteen acres thereof with destruction. The findings negative any consent by the plaintiff to the digging of such ditch or the existence there of any watercourse.

The above findings bring the case directly within the rule of *Pettigrew v. Evansville*, 25 Wis. 223. That case has been much discussed and somewhat criticised in many cases before this court since it was decided, and in some respects the doctrine thereof has been modified, especially as regards the rights of municipalities to dispose of surface water in the improvement of streets. Most of these cases and numerous others are cited by Justices Cassoday and Pinney in the opinion of the former in *Heth v. Fond du Lac*, 63 Wis. 228, and of the latter in *Champion v. Crandon*, 84 Wis. 405. But in an action between private individuals, in which no question of public duty or authority is involved, none of these cases question the accuracy of the rule of *Pettigrew v. Evansville*, correctly stated in a headnote to that case, as follows: "The owner of land on which there is a pond or reservoir of surface water cannot lawfully discharge it through an artificial channel directly upon the land of another, greatly to his injury." Under that rule the findings herein fully support the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.