Schuster vs. Albrecht.

---

Schuster, Respondent, vs. Albrecht, Appellant.

*December 11, 1897 — January 11, 1898.*

98  241
104  581
98  241
d106  312

*Surface waters: Percolation: Rights of adjoining proprietors: Appeal.*

1. Findings of fact cannot be reviewed on appeal unless exceptions thereto are preserved in the bill of exceptions.
2. The owner of land on which surface water accumulates has no right to conduct the water by an artificial channel to a point on his own land in close proximity to the line, where it will inevitably permeate the surrounding soil and percolate through the same into his neighbor's land, to the permanent injury of the latter.

Appeal from a judgment of the circuit court for Dane county: R. G. Siebecker, Circuit Judge. *Affirmed.*

This is an equitable action brought to prevent the defendant from constructing on his own land; but in immediate proximity to the plaintiff's land, a certain tile drain, from

Schuster vs. Albrecht.

which, it is claimed, large quantities of water will percolate through the soil into the plaintiff's land, to his injury.

The parties own adjoining farms, a large part of the defendant's land being more than ten feet higher than the plaintiff's land. Where the two farms join, the defendant's land slopes down to the level of the plaintiff's, and there is a depression, which is swampy in wet seasons, and hard and tillable in dry seasons. This depression is divided between both farms. Upon the high part of the defendant's land, and at a distance of about a quarter of a mile from plaintiff's line, there is a natural depression; and in this depression there is nearly always an accumulation of surface water, forming a pond varying from two or three to fifteen acres in extent, and which has no natural outlet; and this pond has existed for many years without drainage. In 1895 the defendant conceived the idea of reclaiming the soil under said natural pond by draining the same. His plan was to lay a drain some 1,400 feet in length, composed of six-inch tile with loose joints, in a covered ditch several feet in depth, running from the pond in the direction of the lower part of his own land and approaching the plaintiff's land, the nearest point being somewhere about 250 feet from plaintiff's land. Upon the line of this drain he proposed to construct three wells, twenty to twenty-five feet in depth; the idea being that the water would escape into the surrounding soil through the loose joints of the tile, and at the wells. He had constructed some 1,100 feet of this drain, and dug two of the wells, when this action was brought, and a temporary injunctional order obtained, preventing him from continuing the ditch to its proposed terminus, on the ground that the water would reach and permanently injure the plaintiff's lowlands.

The court found that, if the ditch were completed as proposed by the defendant, the amount of water to be conveyed was so great, and the slope of the ground and the nature of

the soil were such, that the water would percolate through the soil to the plaintiff's land, to his injury; and the injunction was made permanent.    From this judgment the defendant appealed.

For the appellant there was a brief by *Fehlandt & Whelan*, and oral argument by *C. E. Whelan.*    They contended, *inter alia*, that "the owner of an estate, for the purpose of securing or protecting its reasonable use and enjoyment, may obstruct or divert surface waters thereon, and which have come down from higher levels, by embankments, ditches, drains, and culverts and other constructions; and in doing so may lawfully hinder the natural flow of such waters and turn the same back upon or off onto or over the lands of other proprietors, without liability for injuries ensuing from such obstruction or diversion."    *Johnson v. C., St. P., M. & O. R. Co.* 80 Wis. 645; *Parks v. Newburyport*, 10 Gray, 28; *Flagg v. Worcester*, 13 id. 601; *Hoyt v. Hudson*, 27 Wis. 664; *Sweet v. Cutts*, 11 Am. L. Reg. 11; *Gannon v. Hargadon*, 10 Allen, 106; *O'Connor v. F. du L., A. & P. R. Co.* 52 Wis. 531; *Lessard v. Stram*, 62 id. 116; *Case v. Hoffman*, 72 N. W. Rep. 390; *Bates v. Smith*, 100 Mass. 181; *Franklin v. Fiske*, 13 Allen, 211; *Ogburn v. Connor*, 46 Cal. 346; *Gray v. McWilliams*, 98 id. 157; *Jordan v. St. P., M. & M. R. Co.* 42 Minn. 175, 6 L. R. A. 573, note; *O'Connell v. E. T., V. & G. R. Co.* 13 id. 394; *Lybe's Appeal*, 106 Pa. St. 626; *Bowlsby v. Speer*, 31 N. J. Law, 351; *Middlesex Co. v. McCue*, 149 Mass. 103; *Upjohn v. Board of Health of Richmond*, 46 Mich. 542; *Kennison v. Beverly*, 146 Mass. 467; *Peck v. Herrington*, 109 Ill. 611; *Gilfillin v. Schmidt*, 64 Minn. 29; *Sheehan v. Flynn*, 59 id. 436.

For the respondent there was a brief by *Jones & Stevens*, and oral argument by *E. R. Stevens.*    They argued, among other things, that at common law there exists no natural easement or servitude in favor of the owner of the superior or higher grounds or fields for the discharge of surface

Schuster vs. Albrecht.

waters accumulating on his land upon the land of the lower proprietor. The proprietor of the lower estate may, if he chooses, lawfully obstruct such waters and turn them back upon or on to or over the lands of other proprietors, without liability for injuries ensuing from such obstruction or diversion. *Hoyt v. Hudson,* 27 Wis. 656, 659; *Pettigrew v. Evansville,* 25 id. 223; *Wendlandt v. Cavanaugh,* 85 id. 256, 263; *Arimond v. Green Bay & M. Canal Co.* 31 id. 316; *Eulrich v. Richter,* 37 id. 229; *Spelman v. Portage,* 41 id. 148; *O' Connor v. F. du L., A. & P. R. Co.* 52 id. 530; *Hanlin v. C. & N. W. R. Co.* 61 id. 515; *Waters v. Bay View,* id. 642; *Kauffman v. Griesemer,* 26 Pa. St. 407, 67 Am. Dec. 437; *Nichols v. Dissler,* 31 N. J. Law, 461, 86 Am. Dec. 219; *Dickinson v. Worcester,* 7 Allen, 19; *Bassett v. Salisbury Mfg. Co.* 43 N. H. 569; *Chatfield v. Wilson,* 28 Vt. 49; *Waffle v. N. Y. C. R. Co.* 58 Barb. 413. Even under the civil law, and much less under the common law, the appellant would not have the right to impose on the lower estate the additional burden of receiving all the surface water collected in this pond on his land, which would naturally remain there if not interfered with by man. *Martin v. Jett,* 12 La. 501, 32 Am. Dec. 120; *Butler v. Peck,* 16 Ohio St. 334; *Livingstone v. McDonald,* 21 Iowa, 160; Angell, Watercourses, §§ 108e, 108j, 108k; Washburn, Easements, 355.

WINSLOW, J. The findings of fact seem to be supported by the evidence, but, even if they were not, there are no exceptions to the written findings preserved in the bill; hence, in any event, they cannot be reviewed.

It was held by this court in *Pettigrew v. Evansville,* 25 Wis. 223, that the owner of land on which there is a pond or reservoir of surface water cannot lawfully discharge it, through an artificial channel, directly upon the land of another, greatly to his injury. As between private individuals, where no question of public duty or authority is involved,

this principle has not been infringed upon, but has been recently reaffirmed by this court. *Wendlandt v. Cavanaugh,* 85 Wis. 256. In the present case the owner of the pond did not propose to discharge the water directly upon his neighbor's land, but proposed to conduct it, by an artificial channel, to a point on his own land in close proximity to the line, where it would inevitably permeate the surrounding soil and percolate through the same into his neighbor's land, and permanently injure the same. We perceive no logical difference between the quality of the two acts. In either case there is a permanent injury to his neighbor's land, caused by water conducted thereto by an artificial channel; and the injury caused by percolation artificially caused may easily be as great, or greater, than the injury caused by direct discharge in a stream. Gould, Waters, § 271.

*By the Court.*— Judgment affirmed.