Wilkins vs. Nicolai and another.

*By the Court.*— So ordered.

BARDEEN, J., took no part.

A motion for a rehearing was denied April 12, 1898.

WILKINS, Respondent, vs. NICOLAI and another, Appellants.

*January 18 — April 12, 1898.*

*Easements: Prescription: Adverse use.*

1. By twenty years of open, notorious, continuous, adverse use and enjoyment of an artificial ditch to drain water from the land of one person onto and across that of an adjoining owner, by the consent of such owner, such person acquires by prescription the right to a continuance of such use and enjoyment.

2. Such open, notorious, and continuous use for twenty years, without objection from the servient owner, is *prima facie* evidence of adverse possession or use, and, together with such circumstances, establishes title by prescription, unless explained as consistent with the title of the true owner by some showing that such use was under a lease, contract, or permission of some kind.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

Action for a mandatory injunction compelling defendants to lower a culvert on their premises so as to allow the water to flow freely from adjoining land on the east, owned by plaintiff, onto and across such premises, and to restrain defendants permanently from thereafter obstructing such flow. The trial resulted in findings of fact covering the issues raised by the pleadings, in substance as follows:

(1) Plaintiff and defendants are severally the owners of

land as alleged in the complaint, plaintiff's land being on the west side of the defendants'.

(2) Near the westerly side of plaintiff's land there is a marsh of about eight acres, onto which water drains from the surrounding country. Near the northerly side of the marsh is a spring where water comes, naturally, to the surface, and from which, some years ago, a ditch was dug, connecting with another drainage ditch, through the center of the marsh, in which there has customarily been some flow of water from the spring.

(3) At the easterly end of the marsh, in a state of nature, there was a ridge of dry land, forming a natural obstruction to the flow of water from the marsh onto defendants' land, unless there was considerable surface water. From twenty to forty years ago the water from some natural springs northeast of plaintiff's land, which flowed southeasterly in a natural channel called Soft Water Brook, was diverted so as to flow by an artificial channel southwesterly into a pond eighty rods northeast of the marsh, thence northwesterly into a natural channel into the marsh, and then through the high land before spoken of, on the east end thereof, onto defendants' land by way of a ditch cut through such high land more than thirty years ago for that purpose. Through such ditch, ever since its construction, in ordinary seasons, water flowed a considerable portion of the time, being the drainage from the marsh, the water from the spring thereon, and the water diverted as aforesaid.

(4) For years defendants have maintained a private roadway on their land along near the boundary line between the lands of the parties and across the artificial watercourse aforesaid, the roadbed being raised somewhat, so that, in the absence of a passageway under it, it would form a dam and prevent the flow of water off from plaintiff's land by way of the ditch. In the construction of such road a culvert was placed under the same so as to provide a free passage for

the water coming off from plaintiff's land as aforesaid, which culvert has been maintained for many years.

(5) About May, 1895, defendants raised the bed of the culvert ten inches, so as to obstruct the flow of water through the same, and have ever since refused to remove such obstruction, though often requested by plaintiff so to do.

(6) Plaintiff has been damaged by the act of the defendants aforesaid in the sum of one dollar, and will be damaged continually unless defendants are compelled by the court to remove the obstruction and permanently refrain from interfering with any flow of water thereafter through such culvert.

(7) The ditch above mentioned has been maintained, and the passageway for water therein from plaintiff's land onto defendants' and through the culvert, under the roadway aforesaid, has been enjoyed, by plaintiff and those preceding him in ownership of the land, open, continuous, notorious, adverse, and acquiesced in by defendants and those preceding them in ownership of their land, for more than twenty years, whereby plaintiff has acquired the prescriptive right to a continuance of such use and enjoyment.

On the facts so found, the court concluded as a matter of law that plaintiff was entitled to the mandatory and permanent injunction prayed for, and to recover of the defendants his damages and costs. Exceptions were filed so as to present the questions discussed in the opinion. Judgment was rendered for the plaintiff in accordance with the foregoing, and defendants appealed.

*Lindley Collins,* for the appellants, argued that a permissive right cannot merge into a prescriptive right. *Pettigrew v. Evansville,* 25 Wis. 227; *Fryer v. Warne,* 29 id. 511. An uninterrupted enjoyment of an artificial watercourse for twenty years will not give a permanent right to maintain it. Tiedeman, Real Property, 588, and cases cited.

Wilkins vs. Nicolai and another.

For the respondent there was a brief by *Pierce & Daub-ner*, and oral argument by *W. A. Pierce*.

The following opinion was filed February 8, 1898:

MARSHALL, J.   There is no serious controversy but that respondent is entitled to the relief granted by the judgment appealed from, if the findings of fact are warranted by the evidence.   The real groundwork of respondent's recovery is the finding that he, and those under or through whom he claims title, had, for more than twenty years, maintained a ditch to drain water off from his land onto the lands of the defendants, thence through a culvert under a private roadway on the latter's land, near the division line between the lands of the parties; that such maintenance of the waterway and enjoyment of its use was continuous, adverse, open, notorious, and without objection from the defendants and those preceding them in ownership.   Such facts constitute all the elements of a prescriptive right, and do not come within the rule which prevails ordinarily, that one cannot acquire a right by prescription to have mere surface water flow naturally over the surface of his land onto and across the land of another, but within the other rule that the owner of land may, by draining such land of surface and other water by an artificial waterway onto or through the land of another, openly, continuously, adversely, and with the consent of such other, for a period of twenty years, acquire an easement in the latter's land for a continuance of such drainage.   Gould, Waters, § 279; *White v. Chapin*, 12 Allen, 516; *Conklin v. Boyd*, 46 Mich. 56; *Curtis v. Eastern R. Co.* 98 Mass. 428; *Rathke v. Gardner*, 134 Mass. 14.

It follows that unless we can say that some one of the findings of fact, as to the elements of a prescriptive right, is against the clear preponderance of the evidence, the judgment appealed from is right, if the finding as to the defendants' having obstructed and interfered with the continued

enjoyment of the easement claimed by the plaintiff, is also supported by the evidence.

It is argued at some length by appellants' counsel that there can be no prescriptive right founded on a mere permissive use. Such is unquestionably the law. Mere permissive use for any length of time does not create a right by prescription. *Pettigrew v. Evansville,* 25 Wis. 223; *Fryer v. Warne,* 29 Wis. 511. Such rule has no application, however, to the findings of fact in this case, and no application to the evidence preserved in the record. There is no affirmative evidence of how the use in question commenced. The circumstances found by the court, which are amply supported by the evidence, that the use was continuous, open, notorious, and without objection for more than twenty years, stand without any evidence to explain them. From such circumstances the court further found, as an inference of fact, that the use was adverse and acquiesced in; that is, that it commenced under claim of right hostile to the whole world, and was continued without interruption or objection down to the expiration of the period requisite to raise the presumption of a previous grant. *Lampman v. Van Alstyne,* 94 Wis. 417. Was such inference warranted, is a question properly presented by one of appellants' exceptions, though hardly reached by the assignments of error; nevertheless such question should be decided, as it strikes at the very root of respondent's right to recover. The rule that the evidence of adverse possession must be clear and positive, and should be strictly construed against the person claiming a prescriptive right, and that every reasonable presumption should be given in favor of the true owner, is fully recognized; but along with such rule is another just as firmly established,— that open, notorious, and continued use without objection, for more than twenty years, unexplained, establishes the fact of adverse possession from the beginning, and a perfect title by prescription. Said Mr. Justice New-

MAN, in the opinion of the court in *Carmody v. Mulrooney*, 87 Wis. 552, speaking of the acquirement of an easement in the manner under discussion: Unexplained use, continued for twenty years, raises the presumption that such use was under claim of right and adverse, and is as to such fact sufficient, unless rebutted by the landowner by showing it was under a lease, contract, or permission of some kind, to establish such right by prescription. 3 Kent, Comm. 442; *Miller v. Garlock*, 8 Barb. 153; *Hammond v. Zehner*, 23 Barb. 473; Jones, Ev. § 80. To the same effect, in *Smith v. Miller*, 11 Gray, 145, speaking of such an easement as the one here claimed, the court said: "A right to an easement of that kind in the land of another may undoubtedly be acquired by the enjoyment of it, provided that enjoyment is adverse, uninterrupted, and of sufficient continuance and duration, and the actual exercise or enjoyment of the right contended for is *prima facie* evidence of prescription, and is sufficient to show a title to the easement which is claimed." So, to the same effect, is *Prescott v. White*, 21 Pick. 342, where Chief Justice SHAW used this language: "It must be taken, according to established rules of law, that the run of such a canal through the land of another for the time stated is evidence of an antecedent grant."

From what has preceded, obviously, the finding of fact as to adverse use followed as a necessary inference from the finding of open, notorious, and continued use without objection for more than twenty years, which latter facts are considered supported by the evidence. If the *prima facie* case, made by such continuous use, had been met by proof that it was under a license or contract, or permission of some character, or explained in some way as not hostile to the title of the true owner, the presumption of adverse use arising from the evidentiary facts stated would have been destroyed; but there was no evidence whatever produced on the subject. There is affirmative evidence, however, of a recogni-

tion for many years of plaintiff's right to use the drainage ditch as contended for, in that, in the construction and maintenance of the private road, during substantially the whole period, defendants maintained the culvert under it for the free passage of the water coming down from the marsh through the ditch.

Exceptions were taken to the findings as to the obstruction and threatened continuance thereof, of the waterway at the culvert on defendants' land. The evidence bearing on that subject has been examined without perceiving any sufficient reason to disturb such finding.

*By the Court.*— The judgment of the county court is affirmed.

BARDEEN, J., took no part.

A motion for a rehearing was denied April 12, 1898.