NICOLAI and another, Respondents, vs. WILKINS, Appellant.

*November 7 — November 24, 1899.*

*Surface waters: Discharge through artificial channel.*

One landowner cannot lawfully collect the waters accumulating in a marsh or basin on his own land, and discharge them through an artificial channel upon or in close proximity to his neighbor's land, to such neighbor's permanent injury.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge.    *Affirmed.*

For the appellant there was a brief by *Pierce, Daubner & Holt*, and oral argument by *W. A. Pierce.*

*Lindley Collins*, for the respondents.

WINSLOW, J.   This is an action in equity between the same parties who were involved in the action of *Wilkins v. Nicolai*, reported in 99 Wis. 178, and involves cognate questions.   In that case the present defendant (*Wilkins*) was plaintiff, and he sued and obtained a mandatory injunction compelling the present plaintiffs (*Nicolai* and another) to lower a culvert upon their land immediately adjoining the lands of *Wilkins* so as to reopen a drainage ditch which for many years had drained an eight-acre marsh on *Wilkins's* land, on the ground that *Wilkins* had acquired a prescriptive right to have such ditch kept open.   In the present action it appears by the findings that *Wilkins* has sunk a tile drain, with lateral branches, in and across said eight acres of marsh, for the purpose of underdraining the same, and that such system of tile drainage ends at a point immediately adjoining *Nicolai's* land, near the culvert involved in the former action, at a depth of eight inches below the bottom of the culvert as it was ordered to be placed in the former action, and that by reason of the lowering of said tile drain there is caused a continual flow of water upon *Nicolai's*

premises, coming from the artificial drainage of the marsh, which would not flow there in a state of nature, thus causing permanent injury to said premises. Upon these findings the trial court granted a mandatory injunction requiring *Wilkins* to raise his tile drain to a point on a level with the bottom of the culvert as it was ordered to be placed in the former action, and enjoining him from lowering the same in the future; and from this judgment *Wilkins* appeals.

The findings are supported by the evidence, and they clearly present a case where a landowner has attempted to collect the waters accumulating in a marsh or basin on his own lands, and discharge them through an artificial channel upon or in close proximity to his neighbor's land, to such neighbor's permanent injury. It is well settled that he cannot lawfully do this. The principle has been frequently stated, and no discussion would be profitable. *Schuster v. Albrecht,* 98 Wis. 241.

*By the Court.*— Judgment affirmed.