MANTEUFEL, Respondent, vs. WETZEL, Appellant.

*November 6—December 13, 1907.*

*Waters and water-courses: Surface water: Drains: Easements: Cause of action.*

1. Where an upper proprietor does no more than collect in a ditch, which ditch follows the course of the usual flow of surface water, the surface water which formerly took the same course towards the land of the lower adjacent proprietor, and causes to pass through this ditch the surface water which formerly took the same course but spread over the surface, he has committed no actionable legal wrong of which the lower proprietor can complain, or upon which such lower proprietor can maintain an action.

2. Causing surface water to flow in its natural direction through a
ditch on one's own land instead of over the surface or by per-
colation as formerly, where no new watershed is tapped by such
ditch and no addition to the former volume of surface water is
caused thereby, except the mere carrying in a ditch what for-
merly reached the same point on the lower proprietor's land
over a wider surface, is not, when not negligently done, a
wrongful or unlawful act.

APPEAL from a judgment of the circuit court for Waupaca
county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

The appeal is from a judgment rendered in an action
brought for a mandatory injunction requiring the defendant
to close a ditch upon his land and for damages.

For the appellant there was a brief by *Eberlein & Eber-
lein,* and oral argument by *F. A. Eberlein.*

For the respondent there was a brief by *Olen & Olen,* and
oral argument by *O. L. Olen.*

TIMLIN, J.    Only one question is necessary to be consid-
ered.    It is established by the findings that the parties own
adjoining lands.    There is on the defendant's land and about
700 feet west of the plaintiff's land a sink hole or depression
which in wet seasons and before the construction of the an-
cient ditch contained about three acres of water of the aver-
age depth of one and one-half feet, and between this sink
hole or depression and the land of the plaintiff there is upon
the land of the defendant at a point distant from the common
boundary an elevation of about three feet.    More than twenty
years prior to the commencement of this action the prede-
cessor in title of the defendant cut through this elevation by
a ditch, so that the surface water which formerly collected
in such depression passed through said ditch and to a point
upon defendant's land about 150 feet west of the common
boundary, where it spread over defendant's land and escaped
by the natural course of surface water on to the land of the

plaintiff.  The said sink hole or depression is a natural basin or reservoir without natural outlet which is capable of holding, and which in fact did collect, receive, and hold, large quantities of surface water which fell and gathered upon lands of the defendant and adjacent land in the vicinity of said depression, and the surface water so collected remained standing in said depression until the same disappeared by evaporation, absorption by the earth, or was removed therefrom by means of said ancient ditch or artificial outlet to the point aforesaid upon the defendant's land.  In May, 1904, the defendant, following the natural course of the surface water, excavated on his own land a shallow ditch from the termination of said ancient ditch to the common boundary between plaintiff and defendant, and as a direct result thereof the surface water from said depression has passed through the ancient ditch and through the extension thereof just mentioned to the plaintiff's land, and has been deposited on the plaintiff's land in greater quantities and with much greater rapidity and force than before, and has thereby rendered about four or five acres of the plaintiff's land too wet for ordinary use as agricultural land and of less value than formerly, and in the year 1904 caused a washout upon the lands of the plaintiff of about forty-five feet in length by seven feet in width and three feet in depth.  Upon these facts the court below held that the ancient ditch extending from the sink hole or depression on defendant's land to a point on defendant's land about 150 feet from the common boundary should be allowed to be and remain as it was, apparently upon the ground that this outlet had been maintained more than twenty years prior to the commencement of the action.  That ruling is not excepted to and is not before us for review.  But the court decreed on these facts that the plaintiff recover $100 and that the defendant be ordered to close and fill up the extension of ditch above de-

scribed made by him in May, 1904, and thereafter to keep the same closed.

We have considered the cases (*Pettigrew v. Evansville*, 25 Wis. 223; *Hoyt v. Hudson*, 27 Wis. 656; *Fryer v. Warne*, 29 Wis. 511; *O'Connor v. Fond du Lac, A. & P. R. Co.* 52 Wis. 526, 9 N. W. 287; *Heth v. Fond du Lac*, 63 Wis. 228, 23 N. W. 495; *Waters v. Bay View*, 61 Wis. 642, 21 N. W. 811; *Champion v. Crandon*, 84 Wis. 405, 54 N. W. 775; *Wendlandt v. Cavanaugh*, 85 Wis. 256, 55 N. W. 408; *Schuster v. Albrecht*, 98 Wis. 241, 73 N. W. 990; *Nicolai v. Wilkins*, 104 Wis. 580, 80 N. W. 939; *Wilkins v. Nicolai*, 99 Wis. 178, 74 N. W. 103; *Clauson v. C. & N. W. R. Co.* 106 Wis. 308, 82 N. W. 146; *Johnson v. C., St. P., M. & O. R. Co.* 80 Wis. 641, 50 N. W. 771; *Connell v. Stark*, 108 Wis. 92, 83 N. W. 1092; *Shaw v. Ward*, 131 Wis. 646, 111 N. W. 671), and do here determine that where the upper proprietor does no more than collect in a ditch, which ditch follows the course of the usual flow of surface water, the surface water which formerly took the same course toward the land of the lower adjacent proprietor, and causes to pass through this ditch the surface water which formerly took the same course but spread out over the surface, he has committed no actionable legal wrong of which the lower proprietor can complain, or upon which such lower proprietor can maintain an action. In other words, causing surface water to flow in its natural direction through a ditch on one's own land instead of over the surface or by percolation as formerly, where no new watershed is tapped by said ditch and no addition to the former volume of surface water is caused thereby, except the mere carrying in a ditch what formerly reached the same point on defendant's land over a wider surface by percolation through the soil or by flowing over such wider surface, is not, when not negligently done, a wrongful or unlawful act. It follows that upon the findings of fact of the court below the conclusion of law should have been that the defendant

was entitled to judgment dismissing the complaint and judgment accordingly.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for the defendant dismissing the plaintiff's complaint.