TREMPEALEAU COUNTY, Appellant, vs. THE STATE, Respondent.

*January 9—February 5, 1952.*

For the appellant there were briefs by *John C. Quinn,* district attorney, and *Fugina, Kostner, Quinn & Ward* of Arcadia, special counsel, and *Nieman, Bosard & Arthur* of Minneapolis, Minnesota, of counsel, and oral argument by *Mr. Quinn* and *Mr. Charles W. Nieman.*

For the respondent there was a brief by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, and oral argument by *Mr. Tulane.*

GEHL, J. The clerk in collecting the fees was the agent of the state and in no sense acting for the county in the collection and handling of the fees. That appears clearly from the provisions of pertinent statutes. There is nothing in the statutes to indicate that it was intended that the counties should participate in any of the transactions involving the issuance of the licenses or the collection and remittance of the fees collected therefor. Sec. 29.09 (2), Stats. 1947, authorizes the county clerks to issue the licenses and sub. (7) provides that,

"Of the fees paid for such licenses the county clerk may retain ten per cent as compensation for his services to the state . . . the remainder he shall return to the state conservation commission. . . ."

The intent to make the clerk the state's agent is there clearly expressed. That the legislature so intended, and that it recognized that the county clerks in issuing the licenses and collecting fees therefor were acting as agents of the state, is further indicated by the fact that by ch. 532, Laws of 1949, made a part of ch. 29, Stats., dealing with fish and game laws, each county clerk is required to execute and file with the commission a surety bond.

Is the county's alleged cause of action a "claim" against the state within the meaning of sec. 285.01, Stats.? The statute provides:

"Upon the refusal of the legislature to allow a claim against the state the claimant may commence an action against the state. . . ."

It was enacted pursuant to the provisions of sec. 27, art. IV of the constitution:

"The legislature shall direct by law in what manner and in what courts suits may be brought against the state."

It is conceded by the plaintiff that no action may be maintained against the state except with its consent, but contended by it that its claim is one of the class contemplated by the provisions of sec. 285.01, Stats.

The parties agree that this is an action to recover upon an obligation implied in law, for the recovery of money had and received. The department concedes that it is an action at law, but contends that because the allowance of a claim of the character here presented is based upon equitable considerations, it should not be treated as the ordinary action at law; that it is not, in fact, an action upon contract.

There can be no quarrel with its statement that it has been the rule in this state that claims based upon tort such as *Holzworth v. State,* 238 Wis. 63, 298 N. W. 163, and those demanding relief in equity, such as *Petition of Wausau*

*Inv. Co.* 163 Wis. 283, 158 N. W. 81, are not of the character of those contemplated by the provisions of sec. 285.01, Stats. The department does not agree that the case last cited was one in equity. It urges that it was one for the recovery of money only, and that it is authority for its position against the county's claim that this action may be maintained against the state. It was an action to require the state to redeem certain tax certificates out of state funds. Clearly, it was an equitable action, and the fact that a money judgment was also demanded or might have resulted, did not change its character. 1 C. J. S., Actions, p. 1162, sec. 54; *Wendlandt v. Cavanaugh,* 85 Wis. 256, 55 N. W. 408; *Fleming v. Ellison,* 124 Wis. 36, 102 N. W. 398. There is nothing in the instant case which calls for the exercise of the jurisdiction of a court of equity; the plaintiff seeks no more than a money judgment.

An action for money had and received is one at law, *Gavahan v. Shorewood,* 200 Wis. 429, 228 N. W. 497, though ruled by equitable principles, *Dunnebacke Co. v. Pittman,* 216 Wis. 305, 311, 257 N. W. 30. It is available for the recovery upon " 'legal obligations rather than equitable in the sense that they originated in the courts of law and are enforced by means of so-called legal as distinguished from equitable remedies.' They rest 'solely upon the universally recognized moral obligation of one who has received a benefit, the retention of which would be unjust, to make restitution.' " *Dunnebacke Co. v. Pittman, supra.*

Does the relationship of debtor and creditor exist in this case? In its strict, technical, and legal sense a "debt" is that for which an action of debt or *indebitatus assumpsit* will lie; and includes a sum of money due upon a contract, implied in law, 26 C. J. S., Debt, p. 1; it does not include claims sounding in tort, *Sonnesyn v. Akin & Babcock,* 12 N. D. 227, 97 N. W. 557, 26 C. J. S., Debt, p. 5; nor those forming the basis for a cause of action in equity, *Petition of*

*Wausau Inv. Co., supra.* Since, therefore, it is agreed that the claim is based upon a contract implied in law and the relationship exists, and we have found nothing in any of our precedents which would suggest that we hold otherwise, and the court has recognized that where the relationship of debtor and creditor exists between a claimant and the state, the claim is one upon which suit may be brought, we conclude that this action was properly brought. The court has said:

"This section [285.01] only relates to claims which, if allowed, render the state a debtor to the claimant." *Houston v. State,* 98 Wis. 481, 487, 74 N. W. 111.

The statute applies only "to claims which, if valid, render the state a debtor, and not to equitable claims or claims for tort." *Petition of Wausau Inv. Co., supra* (p. 290). See also *Houston v. State, supra,* and *Holzworth v. State, supra.*

The department cites a number of federal cases dealing with the construction of the Tucker Act, 28 USCA, sec. 1346, (a) (2), which confers jurisdiction upon the federal district courts of "any other civil action or claim against the United States . . . upon any express or implied contract with the United States, . . ." What those courts have said does not, in the absence of any deterrent found in the previous expressions of this court, turn us aside from the view that in this case the state has received money which belongs to the county; that in equity and good conscience it ought not to retain it; that, as we have pointed out, the circumstances are such as to establish the relationship of creditor and debtor between the parties, and that, therefore, the claim of the county is one upon which an action may be commenced and maintained against the state.

*By the Court.*—Judgment reversed.