JOINT SCHOOL DISTRICT No. 1 OF TOWNS OF MADGE and LONG LAKE IN WASHBURN COUNTY, Appellant, v. JOINT CITY SCHOOL DISTRICT OF CITY OF RICE LAKE IN BARRON COUNTY, Respondent.

*June 6—June 27, 1961.*

184

For the appellant there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *W. W. Bitney*.

For the respondent there was a brief and oral argument by *Edward M. Conley* of Rice Lake.

BROADFOOT, J.   This is an action for money had and received because the defendant school district was unjustly enriched due to error.   Such an action is one at law though ruled by equitable principles.   *Trempealeau County v. State,* 260 Wis. 602, 51 N. W. (2d) 499.

In the order of attachment the words "portions of the territory thereof" referred only to territory of Joint School District No. 7.   The joint school committee could not, in the proceeding for which it convened, deal with any other territory.   The superintendent of the defendant school district testified that he had knowledge of the error but continued to take advantage of it because it was not the error of himself or of his district.   No children of school age resided in the western portion of said section 2 during any of the years involved so the defendant district had no additional expense because it erroneously claimed the territory for tax purposes.

In this action there has been no attack on the legality of the formation of the defendant district, either before or after the dissolution of Joint School District No. 7, and sec. 40.18, Stats., is not applicable.

The order of attachment purported only to attach to the defendant school district territory formerly in Joint School District No. 7.   By describing other territory the best, or perhaps the worst, we can say about it is that the order was ambiguous and subject to construction.   In construing the order we determine that the portion of said section 2 west of Long lake was not included therein and was not made a part of the defendant district.   Therefore the defendant district received money to which it was not entitled and was

unjustly enriched. An action for money had and received is proper under such circumstances.

The defendant makes two other points in its brief which were not argued orally nor were they pleaded or proven in the trial court. Under the circumstances we have not considered them here.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter a judgment for the plaintiff for the amount stipulated, with costs.