Kathleen LINDAS, Plaintiff-Appellant,

v.

Elmer CADY and Robert Hable, Defendants,

State of Wisconsin DEPARTMENT OF HEALTH & SOCIAL SERVICES, Defendants-Respondents.

Court of Appeals

*No. 86–1910. Submitted on briefs December 7, 1987.—Decided December 30, 1987.*

(Also reported in 419 N.W.2d 345.)

For the plaintiff-appellant the cause was submitted on the briefs of *Jeff Scott Olson* and *Julian & Olson, S.C.,* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *David C. Rice,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. Kathleen Lindas appeals from an order dismissing her 42 U.S.C. sec. 1983[1] and Title VII actions against the Department of Health and Social Services (DHSS). The dispositive issues[2] are whether

---

[1]42 U.S.C. sec. 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[2]Lindas also asserts that her action against DHSS was not barred because the statute of limitations had not run. However, because we decide the case on the sovereign immunity issue, we need not reach the statute of limitations issue. *See Sweet v. Berge,*

Wisconsin is immune from sec. 1983 and Title VII actions under the doctrine of sovereign immunity and whether DHSS, as a state agency, shares in that immunity.[3] Because we conclude that Wisconsin and DHSS are immune from suit in these actions, we affirm.

On August 15, 1979, DHSS hired Lindas as Superintendent of Education in the Bureau of Program Resources, Division of Corrections, subject to a one year probationary period. On May 9, 1980, Lindas' supervisor recommended that she resign or be fired. Lindas resigned on June 6, 1980. Although Lindas tried to withdraw her resignation, she was not allowed to do so.

Lindas appealed to the State Personnel Commission (commission) pursuant to sec. 230.44(1), Stats.,[4] claiming she had been constructively discharged. Later she filed a sex discrimination complaint with the commission, alleging that she was "constructively discharged" because of her sex in violation of secs.

---

113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (if we decide case on one issue, we need not address others).

[3]"The legislature shall direct by law in what manner and in what courts suits may be brought against the state." Wis. Const. art. IV, sec. 27.

[4]Section 230.44(1), Stats., provides in part:

> Except as provided in par. (e), the following are actions appealable to the commission under s. 230.45(1)(a):
>
> . . . .
>
> (c) If an employe has permanent status in class, the employe may appeal a ... discharge ... to the commission, if the appeal alleges that the decision was not based on just cause.
>
> (d) A personnel action after certification which is related to the hiring process in the classified service and which is alleged to be illegal or an abuse of discretion may be appealed to the commission.

111.31 to 111.37, Stats., Wisconsin's Fair Employment Act.[5] On October 2, 1981, the commission held that Lindas had not been the subject of a "constructive discharge" but had resigned. The commission dismissed Lindas' sexual discrimination complaint for lack of probable cause on January 3, 1985.

On October 18, 1985, Lindas filed this action, alleging that she was discharged because of her sex, in violation of sec. 1983. Lindas amended her complaint and added a claim of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e.[6] The trial court granted DHSS's motion to dismiss because the sec. 1983 claim was barred by sec. 893.54, Stats.,[7] and the Title VII claim was barred by sovereign immunity, notwithstanding sec. 46.017, Stats., which provides: "[DHSS] may sue and be sued."

---

[5]Section 111.322, Stats., provides:

Subject to ss. 111.33 to 111.36, it is an act of employment discrimination to do any of the following:
(1) To ... terminate from employment ... any individual ... because of any basis enumerated in s. 111.321.

Section 111.321 provides:

Subject to ss. 111.33 to 111.36, no employer ... may engage in any act of employment discrimination as specified in s. 111.322 against any individual on the basis of ... sex ....

[6]42 U.S.C. sec. 2000e–2 provides:

(a) It shall be an unlawful employment practice for an employer—
(1) ... to discharge any individual ... because of such individual's ... sex ....

[7]Section 893.54, Stats., provides in part:

The following actions shall be commenced within 3 years or be barred:
(1) An action to recover damages for injuries to the person.

 An action against a state agency is an action against the state. *Lister v. Board of Regents,* 72 Wis. 2d 282, 291–92, 240 N.W.2d 610, 617 (1976). In the absence of express legislative authorization, the State of Wisconsin may not be sued. *Kegonsa Jt. Sanit. Dist. v. City of Stoughton,* 87 Wis. 2d 131, 144, 274 N.W.2d 598, 604 (1979). We must interpret sec. 46.017, Stats., to determine whether it waives the state's sovereign immunity. Statutory interpretation is a matter of law which we review *de novo. City of Waukesha v. Salbashian,* 128 Wis. 2d 334, 347, 382 N.W.2d 52, 56 (1986).

 Although sec. 46.017, Stats., provides "[DHSS] may sue and be sued," this does not amount to a consent to be sued in sec. 1983 or other civil rights actions. Section 46.017 was created by Laws of 1947, ch. 268, sec. 9, at a time when Wisconsin enjoyed governmental immunity from tort suits.

The supreme court abrogated governmental immunity in 1962. However, this had no effect on sovereign immunity.

> Henceforward, there will be substantive liability on the part of the state, but the right to sue the state is subject to sec. 27, art. IV of the Wisconsin constitution which provides: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." The decision in the case at bar removes the state's defense of nonliability for torts, but it has no effect upon the state's sovereign right under the constitution to be sued only upon its consent.

*Holytz v. Milwaukee,* 17 Wis. 2d 26, 41, 115 N.W.2d 618, 625–26 (1962).

Whether another statute constituted state consent to be sued for tort was considered in *Townsend v. Wisconsin Desert Horse Asso.,* 42 Wis. 2d 414, 418, 167 N.W.2d 425, 427 (1969). There, sec. 285.01, Stats. (1969), which allowed claims against the state to proceed if the claimant first posted a $1,000 bond, was held not to apply to tort claims. The court noted that at the time the legislature passed the statute, the state had no liability in tort.[8]

> We think all that the legislature had in mind at the time it passed the section was to consent to be sued in cases only where there then existed a liability for the claim, and it is a little late in the day for this court now to say that the legislature also intended to include a consent to be sued for tort claims if this court at sometime in the future reversed itself and abolished governmental tort immunity. We cannot now put more meaning into this section as a consent to be sued because *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N.W.2d 618, has removed the defense of tort immunity.

*Townsend,* 42 Wis. 2d at 420–21, 167 N.W.2d at 428.

We think the same reasoning applies to sec. 46.017, Stats. Further, with respect to sec. 1983 actions, *Boldt v. State,* 101 Wis. 2d 566, 584–85, 305 N.W.2d 133, 143–44, *cert. denied,* 454 U.S. 973 (1981), reads:

> The United States Supreme Court has held that a state is not liable under sec. 1983 because a state is not a "person" within the meaning of sec. 1983. According to *Quern v. Jordan,* 440 U.S. 332

---

[8]"[Section 285.01, Stats.] and its predecessor have been in existence since ch. 249, Laws of 1850 ..." *Townsend v. Wisconsin Desert Horse Asso.,* 42 Wis. 2d 414, 419, 167 N.W.2d 425, 428 (1969).

(1979), the immunity of the states to suit is not destroyed by sec. 1983 and a state may not be sued even in a sec. 1983 action without its consent. There is no provision in the Wisconsin Statutes giving consent to sec. 1983 or other civil rights actions. Consequently, the petitioner cannot recover on a sec. 1983 cause of action. (Footnote omitted.)

Although Lindas claims *Boldt* was wrongly decided, we are bound by the decisions of the Wisconsin Supreme Court. *Livesey v. Copps Corp.,* 90 Wis. 2d 577, 581, 280 N.W.2d 339, 341 (Ct. App. 1979). Since neither the state nor DHSS has consented to be sued in these actions, the trial court properly dismissed Lindas' claims against DHSS.

*By the Court.*—Order affirmed.