MICHAEL J. GABLEMAN, J.
¶ 47. (concurring). At issue in this case is whether the legislature has waived sovereign, that is state immunity, in tort for injuries sustained by Mayhugh while, as an inmate, he attended a baseball game in Redgranite's recreational yard. I join the majority opinion affirming the court of appeals. The majority correctly determines that the Department of Corrections ("DOC") is not an independent going concern, and that the legislature has not waived the state's sovereign immunity in tort actions.
¶ 48. I cannot, however, join the majority's reliance on Lindas v. Cady, 142 Wis. 2d 857, 419 N.W.2d 345 (Ct. App. 1987), aff'd in part, rev'd in part, 150 Wis. 2d 421, 441 N.W.2d 705 (1989). Majority Op., ¶¶ 36-39. Simply put, the majority's reliance on Lindas for its conclusion that "sue and be sued" is not a waiver of sovereign immunity is misplaced because Lindas examined the "sue and be sued" language in Wis. Stat. § 46.017 (1979-80) which applied to the Department of Health and Social Services ("DHSS"), *230 the DOC's predecessor. Here, we examine Wis. Stat. § 301.04,[1] which the legislature passed into law after the decision in Lindas and well after our decision in Holytz v. City of Milwaukee, 17 Wis. 2d 26, 115 N.W.2d 618 (1962), which abrogated the doctrine of governmental immunity for tort actions.
A.
¶ 49. The rule of governmental immunity, that is municipal immunity, is distinct from sovereign immunity, that is state immunity. Governmental immunity grew out of "English law" and "expanded to the point where the historical sovereignty of kings was relied upon to support a protective prerogative for municipalities." Id. at 30. Governmental immunity was first adopted in Wisconsin in Hayes v. The City of Oshkosh, 33 Wis. 314, 318 (1873). However, applying the doctrine resulted in "some highly artificial judicial distinctions"[2] which led this court to re-examine governmental immunity in 1962. Holytz, 17 Wis. 2d at 32. In Holytz we abrogated the doctrine of governmental immunity such that, for municipalities, "so far as governmental responsibility for torts is concerned, the rule is liability—the exception is immunity." Id. at 39.
¶ 50. However, our decision in Holytz did not go so far when it came to the State and its agencies. Rather, we made a "careful distinction . . . between the abrogation of the [governmental] immunity doctrine and the right of a private party to sue the state." Id. at *231 40. Thus, following our decision in Holytz, "there will be substantive liability on the part of the state, but the right to sue the state" can be waived only by the legislature pursuant to article IV, section 27 of the Wisconsin Constitution.[3] Id. at 41.
B.
¶ 51. In Lindas a former employee of DHSS, Lindas, sued the department for wrongful discharge and discrimination. Lindas, 142 Wis. 2d at 860. The circuit court dismissed Lindas's claim as barred by sovereign immunity. Id. Lindas appealed, arguing that by enacting Wis. Stat. § 46.017 (1979-80) the legislature waived DHSS' immunity as the text of § 46.017 (1979-80) stated that "the department [DHSS] may sue and be sued." The Lindas court reasoned that this "sue and be sued" language could not be considered a waiver of sovereign, that is state, immunity in tort because the statute was enacted "at a time when Wisconsin enjoyed governmental immunity from tort suits." Lindas, 142 Wis. 2d at 861.
C.
¶ 52. However, Wis. Stat. § 301.04, the statute at issue in the instant case, was not enacted "at a time when Wisconsin enjoyed governmental immunity from tort suits." Id. Instead, Wis. Stat. § 301.04 was enacted in 1989, when the DOC was created, nearly three decades after the doctrine of governmental immunity was abrogated by this court in Holytz. As a result, the reasoning oí Lindas cannot apply to Wis. Stat. § 301.04. *232 If it did, then the interpretation of statutory language would be frozen in time at the moment a court first interprets it.
¶ 53. This does not mean, however, that the majority's ultimate interpretation of "sue and be sued" in § 301.04 is incorrect, only that its reliance on Lindas is misplaced and unnecessary. Rather, the majority's conclusion that "sue and be sued" refers to "the capacity to sue and be sued" is well-reasoned and gives full effect to the language of § 301.04. Majority Op., ¶ 40 (emphasis added). For instance, in Boldt v. State, 101 Wis. 2d 566, 305 N.W.2d 133 (1981), we explained that Wis. Stat. § 775.01[4] "has been interpreted as giving the state's consent to suit in some causes of action but not in others." Id. at 572 (emphasis added). Specifically, Wis. Stat. § 775.01 waives the state's immunity for actions in contract, and sets forth the manner in which a claim may be brought. See Trempealeau Cnty. v. State, 260 Wis. 602, 605, 51 N.W.2d 499 (1952) (explaining that a contract claim may be brought under Wis. Stat. § 285.01, the predecessor statute to Wis. Stat. § 775.01). Thus, the state's sovereign immunity is waived by the "procedural implementation" of a statute which sets forth the "manner and in what courts suits may be brought against the state." Forseth v. Sweet, 38 Wis. 2d 676, 684, 158 N.W.2d 370 (1968).
*233 ¶ 54. The legislature has not implemented a procedure by which the DOC or the state may be sued in tort, as it has in contract, and therefore, the DOC may not be sued in tort. As a result, the "sue and be sued" language in Wis. Stat. § 301.04 is not a waiver of sovereign immunity, but rather identifies the DOC as an entity that can be named in suits for which the legislature has waived sovereign immunity.
¶ 55. For the foregoing reasons, I respectfully concur.

 All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

 "For example, the municipality may be immune or liable depending upon whether we determine that the particular function involved is 'proprietary' or 'governmental'." Holytz v. City of Milwaukee, 17 Wis. 2d 26, 32, 115 N.W.2d 618 (1962).

 "The legislature shall direct by law in what manner and in what courts suits may be brought against the state."

 The full text of Wis. Stat. § 775.01 is:
Upon, the refusal of the legislature to allow a claim against the state the claimant may commence an action against the state by service as provided in s. 801.11 (3) and by filing with the clerk of court a bond, not exceeding $1,000, with 2 or more sureties, to be approved by the attorney general, to the effect that the claimant will indemnify the state against all costs that may accrue in such action and pay to the clerk of court all costs, in case the claimant fails to obtain judgment against the state.