J. T. ARTHUR, APPELLANT, V. M. J. GLOVER ET AL.,
APPELLEES.

FILED OCTOBER 22, 1908. No. 15,227.

1. Surface Water: DRAINAGE. "Every proprietor may, lawfully improve his property by doing what is reasonably necessary for this purpose, and, unless guilty of some act of negligence in the manner of its execution, will not be answerable to an adjoining proprietor, although he may thereby cause surface water to flow on the premises of the latter to his damage." *Aldritt v. Fleischauer*, 74 Neb. 66, approved and followed.

.2. ————: ————. "An owner of land has the right in the interest of good husbandry to drain ponds or basins thereon of a temporary character, and which have no natural outlet or course of flow, by discharging the waters thereof by means of an artificial channel into a natural surface-water drain on his own property, and through such drain over the land of another proprietor in the general course of drainage in that locality, even though the flow in such natural drain is thereby increased over the lower estate, and provided that this is done in a reasonable and careful manner and without negligence." *Aldritt v. Fleischauer*, 74 Neb. 66, approved and followed.

3. Waters: DRAINAGE. Two or more adjoining landowners may lawfully join in the construction of a ditch solely upon the premises of one thereof, where the object and purpose is to drain a pond situated partly on the lands of all of said proprietors.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Sullivan & Squires*, for appellant.

*C. L. Gutterson* and *N. T. Gadd*, contra.

ROOT, C.

The defendants Glover own the north half of section 35 and the south half of section 26, in town 18, range 18,

Custer county.  Mrs. Amos owns the northwest quarter of said section 26, and plaintiff owns the west half of section 23, all in said town and range.  Near the center of section 26 is a depression covering some 50 acres, and extending into the southeast quarter, the southwest quarter and the northwest quarter of said section.  Surface water from some 400 acres of land drains into said depression, forming a pond at times two to three feet in depth.  This water escapes by evaporation or percolation only, and entirely disappears for months at a time, but not so that said land may be cultivated or utilized for meadow or pasture.  Extending south close to the half section line in section 26 is a draw or canyon some 10 feet in depth, and running thence in a generally northern direction through the Amos land, and over the southwest quarter of section 23 owned by plaintiff, till within some 15 rods of Waggoner creek, at which point the banks of the draw disappear, and a wide and very slight depression marks the course of said channel over the bottom land to Waggoner creek, which flows in a general east and west direction.  The bed of this creek is about eight feet in width, and the banks some three feet in height.  Ordinarily said bed is dry, but after rainstorms surface water passes along said creek till it reaches the Loup river.  Plaintiff farms the bed of said creek and of the draw referred to, and, by reason of some years of cultivation, the banks of said drains have been sloped so that ordinary farming machinery can be used to plant, till and garner the crops grown therein.  Waggoner creek drains some 5,000 acres of land.  But a few rods separate the lowest point in the rim of said pond and the canyon or draw hereinbefore referred to.  Mrs. Amos and the Glovers made arrangements whereby the latter were to dig a ditch to connect the part of said pond on Mrs. Amos' farm with the said draw, so that the lagoon might be drained and the land reclaimed.  The ditch would conduct the water into said draw, and thence northward

37

to and over the bottom of and into Waggoner creek. To prevent the completion of said ditch, this action was brought against the Glovers, omitting Mrs. Amos from the suit. It is not alleged, nor was there any proof to the effect, that defendants were guilty of any negligence, but the broad ground was taken that they did not have any right to discharge the waters from said lagoon into the canyon, and thence down to and over the bottom and into the aforesaid creek. There is little, if any, conflict in the evidence, which is fairly reflected in this statement of fact.

Elaborate briefs have been furnished and many authorities cited for our consideration. We shall not attempt to review them, as this case is clearly ruled by *Aldritt v. Fleischauer,* 74 Neb. 66, and *Todd v. York County,* 72 Neb. 207. The only possible distinction between *Aldritt v. Fleischauer* and the instant case is that in the former the draw seemed to extend, with well-defined banks, to Turkey creek, whereas in the case at bar the water from the draw or canyon must pass over a few rods of bottom land to reach Waggoner creek; but in each case the draw is the provision made by nature for the drainage of the nearby lands, and in each case the draw furnished the nearest and most natural way for the drainage of the pond. The case can be disposed of without reference to sections 5543, 5544, Ann. St. 1907, which plaintiff's counsel insist are unconstitutional. The fact that defendants were turning the water into a channel on Mrs. Amos' land is immaterial, when we understand that the ditch was for the mutual benefit of Mrs. Amos and defendants, and that the effect thereof was to drain her land, as well as that of defendants.

The judgment of the trial court dismissing plaintiff's petition was right, and we recommend that it be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

Arthur v. Glover.

BARNES, C. J., concurring.

The opinion of the commissioner meets with my approval. I do not understand it in any way to be a departure from the common law rule that a party has no right to collect surface water in a ditch or drain, and discharge it or permit it to flow onto the land of another without the latter's consent, as we first held in *Davis v. Londgreen,* 8 Neb. 43, and to which we have adhered in an unbroken line of decisions down to and including *Town v. Missouri P. R. Co.,* 50 Neb. 768. There can be no doubt but that we are firmly committed to this rule, and it is not our purpose to depart from it. My concurrence is based on the fact that the evidence in this case takes it out of the common law rule, and brings it clearly within the rule announced in *Todd v. York County,* 72 Neb. 207, and *Aldritt v. Fleischauer,* 74 Neb. 66. I am of opinion that the evidence in this case fairly shows that the waterway, into which the defendant proposes to drain the pond situated on his land, when it reaches the plaintiff's premises, does not lose its distinctive character as a waterway. It is true that it widens out somewhat, and for a short distance allows the water to spread and cover more surface than it does where it is turned into the ravine. Still the flow at the place in question is unobstructed, and is continuous until it reaches Waggoner creek.

For this reason, I concur in the conclusion reached by the commissioner.

LETTON, J.

I dissent. I think the facts in the case bring it within the rule of *Davis v. Londgreen,* and that the doctrine of *Todd v. York County* and *Aldritt v. Fleischauer* is not applicable.