FREDERICK O. FLESNER, APPELLEE, V. GEORGE STEINBRUCK, APPELLANT.

FILED APRIL 24, 1911. No. 16,308.

1. Waters: PREVENTING NATURAL DRAINAGE. Every interference by one landowner with the natural drainage to the injury of the land of another is unreasonable, if not made by the former in the reasonable use of his own property.

2. ——: ——. It is not a reasonable use of one's property to construct a dike across a natural drain upon farm lands for the sole purpose of preventing the flow of unpolluted water from a neighbor's land in the natural course of drainage, where such flow had theretofore at all times been uninterrupted.

3. ——: CHANGING COURSE OF DRAINAGE. A lower proprietor has no lawful cause for complaint because the upper proprietor, in the exercise of good husbandry, by the use of ditches changes the course of drainage upon his own premises, but permits the water to flow without an appreciable increase in volume upon the servient estate in a natural drain, where it would have appeared if the ditches had not been constructed.

4. ——: ——. If an upper proprietor, in the interest of good husbandry, and without negligence, collects in a ditch surface water, which formerly spread over his premises, and accelerates its flow in the natural course of drainage through a natural drain onto the lands of his neighbor, he is not liable therefor.

APPEAL from the district court for Clay county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Paul E. Boslaugh* and *C. H. Sloan,* for appellant.

*A. C. Epperson* and *L. B. Stiner, contra.*

12

Root, J.

This is an action for an injunction to restrain the defendant from interfering with the flow of water. The defendant asked for an injunction to restrain the plaintiff from discharging water upon the defendant's premises. The plaintiff prevailed and the defendant appeals.

The plaintiff is the owner of the southeast quarter of section 26, and the defendant owns the west half of the southwest quarter and the south half of the northwest quarter of section 25, in town 7, range 8, in Clay County. There is a public highway between the respective farms. The plaintiff purchased his property in 1892, and the defendant acquired his farm by inheritance in 1902 or 1903. These farms, and the other tracts of land in their vicinity are flat, but there is a slight depression about 12 inches lower than the surrounding territory in the east half of section 26 wherein the surplus water accumulates. In a state of nature this water would flow north and east so as to cross the section line north of the east quarter corner, from thence it would pass on to the defendant's land into a sag, and after that depression was filled the water would spread north and east over the surrounding land. About 40 rods east of this sag there is another shallow basin, and about 120 rods further eastward there is a draw. These sags are dry the greater part of the year, the beds are cultivated, and crops are usually grown therein. More than ten years before this suit was commenced, the plaintiff constructed, and subsequently has maintained a shallow ditch parallel and close to the northern boundary of his farm from a point on the highway westward about 100 rods, and from that point southwestward to the west line of his farm. This ditch diverts water from the sag so that it will flow to the highway about 140 yards south of the point where it would otherwise pass from section 26, but it continues northward on the west side of the highway to the point where it has ever flowed onto section 25. Until about four years be-

fore this suit was instituted, the highway was not worked, but in 1904 it was graded, ditches were cut on either side of the grade, and a 12 inch tile was laid across the way at the point where the testimony shows the water has always crossed the section line. The defendant dammed the plaintiff's ditch at the point where it emerged from the field, plugged the tile, and subsequently built a straw stack on his own premises on the line of the highway and opposite the culvert where assembled storm waters have flowed since the memory of man runs not to the contrary. The defendant justifies his conduct on the ground that the ditches and the culvert cause a greater amount of water to flow upon his premises than would be cast thereon if no such improvements had been made, and that he is protecting himself against a common enemy, surface water.

The plaintiff, on the other hand, asserts that the natural course of drainage for a considerable territory, including his farm, is along a line which is covered by the straw stack; that no more water has been cast upon the defendant's premises than it would have received if the prairies had remained unbroken; that by constructing a ditch at a slight expense the defendant can relieve his land of the water of which he complains; and that he has acted maliciously for the sole purpose of injuring the plaintiff. The plaintiff also pleads that the defendant's father for many years recognized the plaintiff's right of drainage over the premises now owned by the defendant, and that he acquired his heritage subject to an easement of drainage appurtenant to the plaintiff's premises.

We are satisfied with the court's finding that there is a natural tendency for the water falling upon section 26 to flow along the line marked by the culvert in the highway and onto section 25. The defendant does not have an unqualified right to exclude surface water from his premises, but, if he exercises that privilege, must use ordinary care so as to not unnecessarily injure his neighbor. This principle of law has been repeatedly announced by

this court. Our former decisions on this point are referred to in *Conn v. Chicago, B. & Q. R. Co.*, 88 Neb. 732. In considering this subject in *Bassett v. Salisbury Mfg. Co.*, 43 N. H. 569, 82 Am. Dec. 179, the New Hampshire court, by Bartlett, J., say: "As in these cases of the water-course, so in the drainage, a man may exercise his own right on his own land as he pleases, provided he does not interfere with the rights of others. The rights are correlative, and from the necessity of the case the right of each is only to a reasonable user or management; and whatever exercise of one's right or use of one's privilege in such case is, under all the circumstances, and in view of the rights of others, such a reasonable user or management, is not an infringement of the rights of others; but any interference by one landowner with the natural drainage, injurious to the land of another, and not reasonable, is unjustifiable. Every interference by one landowner with the natural drainage, actually injurious to the land of another, would be unreasonable, if not made by the former in the reasonable use of his own property."

The defendant was not protecting his own premises against the flow of diffused surface water or of polluted water. The water had been assembled by the force of gravitation, and was flowing in a body in the course of natural drainage before it reached his premises. The obstructions interposed by the defendant were not mere incidents accompanying improvements which he was making upon his own premises, but they were created for the sole purpose of preventing the movement of water in a natural drain provided by nature and utilized by his neighbors for the drainage of the surrounding territory. In constructing dikes in the path of that drain and in the highway, and by filling in the culvert that was laid for the purpose of improving the public way, the defendant was not, in the light of the evidence in this case making a reasonable use of his own property.

The defendant contends that the plaintiff by constructing the ditch along the northern boundary of his farm

unlawfully diverted the water from its natural course to the defendant's field; but the fact is that the water reaches that field at the identical point where it would appear but for this ditch. Although the ditch along the western side of the highway is employed to withdraw the water from the plaintiff's field and from his neighbor's farm to the north, the water is returned to its course before it reaches the defendant's premises. The plaintiff and his neighbor to the north have title to the west half of the highway subject to the easement of the public, the highway officials make no objection, and the defendant has no just ground for complaint on this score.

It may be that the ditches and the culvert accelerate and slightly increase the flow of water upon and over the defendant's premises, although there is evidence to the contrary. Assuming for the sake of argument that such is the fact, there is no evidence to sustain a finding that those improvements were negligently constructed or are improperly maintained, but the evidence clearly proves that they are in the interest of good husbandry and are necessary for the improvement of the highway, and that the defendant at a slight expense to himself may not only pass on this water, but as well the water which flows from his own fields into this sag. The plaintiff therefore was within his rights. *Aldritt v. Fleischauer*, 74 Neb. 66; *Manteufel v. Wetzel*, 133 Wis. 619, 19 L. R. A. n. s. 167.

A careful consideration of the record convinces us that the judgment of the district court is right, and it is

AFFIRMED.