EDWARD PERRY, APPELLANT, V. A. B. CLARK, APPELLEE.

FILED SEPTEMBER 25, 1911.   No. 16,408.

Waters: DRAINAGE OF SURFACE WATERS: INJUNCTION. A court of equity will not enjoin an upper proprietor from draining surface water from his land through tile drains in the natural course of drainage into the natural channels which nature has provided, and onto the land of a lower proprietor.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Affirmed.*

*M. D. Tyler* and *A. R. Davis,* for appellant.

*George R. Wilbur, contra.*

ROOT, J.

This is an action to restrain the defendant from collecting surface water and discharging it upon the plain-

tiff's premises. The defendant prevailed, and the plaintiff appeals.

The respective farms of the parties are separated solely by a north and south public highway. A valley or draw approximately 325 feet in width, having a fall of 25 feet to the mile, runs in a general northwest and southeast course through these farms, and continues thence southeastward to Dogtown creek. There is a fall of about two feet from the base of the hills to the line of lowest depression in the valley. The draw is about four miles in length, and furnishes a way for surface waters and melting snows. Little, if any, water appears upon its surface after ordinary rains in the summer season, but the soil is so saturated with moisture that cultivated crops cannot be successfully grown therein without drainage. At intervals along the line of lowest depression in the plaintiff's premises, flowing water has washed out well-defined ruts or shallow gulleys, and beneath the culvert in the highway and extending on both sides to within the fields of the respective litigants the water has formed a gulley or washout. The plaintiff owns the lower farm. Four years before this suit was commenced the defendant dug an open ditch about two feet wide and 18 inches deep the length of the valley upon his farm. In August, 1908, the defendant commenced to tile-drain this valley so far as it lay within the boundaries of his farm, and laid one line of six-inch tile parallel to the open ditch and a line of four-inch tile across the valley near his eastern boundary, so that the water collected in all of the tiles would discharge into the open ditch, and from thence pass into and across the highway onto the plaintiff's farm at the point where water always appeared when it flowed over the surface of the draw. The defendant intended and was prepared to lay one other line of six-inch and two other lines of four-inch tile parallel to the six-inch tile now in position, so as to concentrate the water collected therein at the point where water discharges from the tiles now in position. A temporary order of

injunction interfered with the completion of the tiling. The case was tried 14 weeks' after the petition was filed, and the proof is undisputed that at that time the tile drains discharged a stream of water $1\frac{1}{2}$ inches deep and 9 inches wide into the ditch, and from thence onto the plaintiff's farm, and that no water appears upon the surface of the valley above the point of that discharge.

The plaintiff contends that the defendant's tile drains concentrate surface water diffused through the soil and discharge the water out of its natural course upon the plaintiff's premises in such unusual quantities as to materially injure his farm. The defendant asserts that the water within the valley, whether above or below the surface, by the force of gravitation tends toward the line of lowest depression, and thence proceeds downward to the creek; and that he may in the interest of good husbandry accelerate that flow without becoming liable to the plaintiff. In a sense the entire valley is a drain provided by nature for the drainage of a considerable territory. When flood waters are at their height the valley is the bed of a stream. As the flood waters subside, and after heavy rains in the drier seasons of the year, the water covers a narrow strip of land coincident with the line of lowest depression. We think it is clear that the water flowing from the tiling is not forced or influenced out of the natural course of drainage.

There is considerable evidence to the effect that, after the tiling shall have completed its office by draining the soil above the bed of the drains, no more water will pass from one farm to the other than if the tiles had not been laid, and that at the most the plaintiff at a slight expense may lead this water from the point where it enters his premises to the washed-out gulley on his farm. In any event the plaintiff's inconvenience will be so trifling that a court of equity should not interfere. The language of Deemer, J., in *Dorr v. Simmerson*, 127 Ia. 551, is so pertinent that we quote it: "In view of known conditions in this state, we are quite ready to hold that the owner of

the dominant estate has the right by ditches or drains to drain his own land into the natural and usual channels which nature has provided even though the quantity of water cast upon the servient estate may be somewhat increased." See, also, *Vannest v. Fleming*, 79 Ia. 638; *Wharton v. Stevens*, 84 Ia. 107; *Obe v. Pattat*, 130 N. W. (Ia.) 903; *Aldritt v. Fleischauer*, 74 Neb. 66; *Flesner v. Steinbruck, ante,* p. 129; *Peck v. Herrington*, 109 Ill. 611; *Lambert v. Alcorn*, 144 Ill. 313.

The judgment of the district court is right, and is

AFFIRMED.