Steiner v. Steiner.

---

JOHN STEINER ET AL., APPELLANTS, v. FRANK STEINER,
APPELLEE.

FILED DECEMBER 18, 1914.    No. 17,888.

Waters: SURFACE WATERS: RIGHT TO INCREASE FLOW. In the interest
of good husbandry, the flow of surface waters along natural de-
pressions or drainways through farm lands may be accelerated and
incidentally increased by artificial means.

APPEAL from the district court for Butler county.
GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*L. S. Hastings* and *E. A. Coufal,* for appellants.

*Matt Miller* and *Cain & Mapes, contra.*

ROSE, J.

The relief sought is an injunction to prevent defendant
from collecting surface waters in a drainage ditch on his
own farm and discharging them upon the lands of plain-
tiffs. The suit was dismissed. Plaintiffs appeal.

Should a court of equity grant relief to plaintiffs under
the evidence? This is the controlling question. The par-
ties are adjoining proprietors, with a public highway be-
tween their possessions. Plaintiffs are the owners of the
south half of section 27, township 16, range 2 east, in But-
ler county. Of section 34, directly south, defendant owns
the east half of the northwest quarter. The natural course
of drainage for both tracts is northward through the lands
of plaintiffs. In the drainage basin through defendant's
farm there is a winding ravine, which increases in width

97 Neb. 29

toward the north, while its banks gradually decrease in height. In 1911 defendant constructed on his own land from north to south a drainage ditch 2,000 feet long, with the upper end in the ravine and the lower end at the highway. The relief sought, if granted, would require defendant to fill his ditch and to allow the surface waters to take their natural course. Plaintiffs assert that the ditch is constructed with an excessive fall of 27 feet; that defendant's artificial channel will collect and concentrate surface waters and discharge them with increased velocity upon the farm of plaintiffs; that there is no ravine on their lands below the north end of the drain; that the flood waters, when allowed to take their natural course, spread out and run slowly over the highway in a thin sheet 50 rods wide; and that the lands and crops of plaintiffs will be injured by the washing of the surface waters and by the depositing of silt, unless equitable relief is granted. The more convincing proofs, however, lead to the following findings and conclusions:

The ravine or natural drain widens and grows more shallow, forming a swale, as it approaches the highway. After heavy rains the water crosses the highway in a body, perhaps 20 or 30 rods wide. The lower end of the artificial channel is not far from the center of the natural drainage. Negligence in the construction of the ditch is not shown. The fall of the new drain was not excessive under the existing conditions. In a straight ditch it could not have been less. It was not much greater than the fall of the ravine for the same distance. The ditch was constructed in the interest of good husbandry. Both channels would be dry, except after heavy rains or melting snows, and would carry the same water from the same drainage basin to the lands of plaintiffs. At the time of the trial there had been no running water in the new channel. Since the construction of the ditch, a culvert has been placed across the highway.

Of course, the movement of surface water would be accelerated by the change from natural to artificial drainage, because the old channel was long and tortuous, while the

new is shorter and straight. A landowner who is not guilty of negligence may, in the interest of good husbandry, accelerate surface water in the natural course of drainage without liability to the lower proprietor. *Todd v. York County,* 72 Neb. 207; *Perry v. Clark,* 89 Neb. 812; *Arthur v. Glover,* 82 Neb. 528; *Aldritt v. Fleischauer,* 74 Neb. 66. The quantity of water thus discharged upon the land of an adjoining proprietor may be increased. In the second case cited this court quoted with approval the following language of the supreme court of Iowa: "The owner of the dominant estate has the right, by ditches or drains, to drain his own land into the natural and usual channels which nature has provided, even though the quantity of water cast upon the servient estate may be somewhat increased." *Dorr v. Simmerson,* 127 Ia. 551. It is well established by precedent in other jurisdictions that the flow of surface waters along natural depressions or drainways may be accelerated and incidentally increased by artificial means. *Manteufel v. Wetzel,* 133 Wis. 619, 19 L. R. A. n. s. 167, and note; *Hughes v. Anderson,* 68 Ala. 280. The principles announced in the cases cited control the present controversy as disclosed by the facts already outlined. The findings and decree of the trial court are in harmony with these views.

It follows that the judgment is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.