IDLEWILD FARM COMPANY, APPELLANT, V. ELKHORN RIVER DRAINAGE DISTRICT, APPELLEE.

FILED DECEMBER 9, 1927. No. 26069.

*Abbott & Dunlap,* for appellant.

*Courtright, Sidner, Lee & Gunderson* and *J. C. Cook,* contra.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., RAIT and SHEPHERD, District Judges.

SHEPHERD, District Judge.

The first judgment of the district court awarding damages in a large sum for the negligent construction and maintenance of a cut-off on the Elkhorn river—called cutoff E—was reversed and remanded; it being held by this court that the plaintiff could not recover for construction because the same was according to its demand and direction. Upon the coming down of the mandate, plaintiff filed a second amended petition demanding damages for negligent maintenance only.

This petition was in due course attacked by motion, amended upon application of the plaintiff, and assailed by a motion to dismiss in the nature of a demurrer. Upon submission of the latter, the court first entered an order reciting that said demurrer ought to be and would be sustained at the end of ten days unless application were in the meantime made to the supreme court for an amplification of its ruling upon reversal. And afterward, upon the expiration of the said ten days, the trial court dismissed the case on the ground that the petition failed to state a cause of action, and because the plaintiff, by not applying to again amend, had refused to plead further and had elected to stand upon the said petition.

Whether the petition, now declaring for negligent maintenance alone, states a cause of action depends in some degree upon whether the law and facts of the case put maintenance in the same catagory with construction. The general application of plaintiff's cases is not to be doubted. A demurrer admits the existence of all facts well pleaded; ordinarily recovery may be had whenever negligent construction and maintenance result in damage; a case reversed and remanded may commonly be prosecuted on the cause of action remaining if the same be separable from what has been taken away by the court of review. But the question before us is: If the rule announced by this court removed negligent construction as a ground of recovery, did it not perforce do likewise for negligent maintenance, bearing in mind the findings of the supreme court and the facts set forth in the petition?

The findings in the case are epitomized in two early paragraphs of the first opinion (114 Neb. 134), viz.: "The substance of plaintiff's contention is that the proximate cause of the alleged damage to its lands, by erosion, flooding and the like, was defendant's negligent installation of the drainage and construction works complained of," and that such installation was negligently performed.

"The record is very voluminous and it is impractical to reproduce much of the evidence. It fairly appears, however, from the evidence of many practically uncontradicted witnesses that Schneider not only favored the installation of all of the materially important construction works, of which the Idlewild now complains, but in fact it appears therefrom that the work was done at and because of Schneider's apparently urgent request and as and where he wished to have it installed. It appears, too, that plaintiff, aside from the defendant district, by Schneider, its president, alone made substantial contributions to the expense of such change of installation."

Schneider was president of the appealing Idlewild corporation.

From these findings of fact the court held that the Idle-

wild company was estopped to recover damages for said construction. The holding does not in the least go contra to the doctrine of *Hopper v. Elkhorn Valley Drainage District,* 108 Neb. 550, to the effect that recovery may be had by the party injured through the negligent construction and maintenance of a ditch or cut-off; it proceeds wholly upon the doctrine of estoppel.

It is practically certain that the injury and damage in this case arose from negligent construction. The amended petition upon which the case was originally tried set forth that the cut-off was constructed at right angles to the course of the river, and that the result of such construction was to throw the current against the defendant's land in such wise as to inevitably erode it. It was not a matter of negligent maintenance; the damage inhered in the construction. And, for that matter, the plea of the said petition was that the drainage district abandoned the work immediately upon its completion. It would seem therefore that the company's case fails *in toto* when it fails upon the ground of negligent construction. The estoppel carries through. The proximate cause of the damage was defendant's installation of the construction works complained of. We think that our former decision concludes the appellant in the matter of his present contention.

But, without regard to this, the trial court's ruling must still be sustained. If the company could recover at all on the ground of negligent maintenance, it would be because the drainage district was under a duty to maintain and yet did nothing whatever after the construction was complete. It is committed to this contention by its pleading that upon the completion of the work the district abandoned it and left it to the river and to the adjoining landowner. The second amended petition, subsequently further amended by interlineation, does not allege any active maintenance on the part of the district. It could not be further amended by setting forth any promise on the part of the district in regard to maintenance, for this would be in contract instead of in tort, and opposed to the com-

pany's former pleading. But the specifications did not provide for maintenance in this case and the district was under no duty to maintain. The general rule, as we deduce it from the authorities and from our statutes, is that where the law authorizes the diversion of a river, and where such diversion has been effected by a construction which is nonnegligent, the duty devolves upon the owner of the abutting lands to maintain the river in its new course, and not upon the drainage district which did the work, unless the plans and specifications of the project specifically provide for such maintenance by said district. *Hofeldt v. Elkhorn Valley Drainage District,* 115 Neb. 539; Comp. St. 1922, sec. 1741; *Flesner v. Steinbruck,* 89 Neb. 129; *Aldritt v. Fleischauer,* 74 Neb. 66; *Arthur v. Glover,* 82 Neb. 528; *Steiner v. Steiner,* 97 Neb. 449; *Idlewild Farm Co. v. Elkhorn River Drainage District,* 114 Neb. 134.

The contention of the Idlewild company is that the drainage district was negligent in not removing stumps, trees and debris which had accumulated ·in the cut-off at the point of diversion. But since the company estopped itself to complain of negligent construction it cannot escape being bound by the rule which obtains in the case of good and nonnegligent construction. The duty to maintain devolved upon the company itself. The statute above referred to so indicates and the better reasoning supports the view. Any other doctrine would make the drainage district an insurer of the course of the stream.

Besides assigning the sustaining of the demurrer as error, appellant complains because the court refused to give it time and opportunity to further amend. The chronology of the case hardly supports any such contention. But it is obvious, as above shown, that no amending that would have been proper could have changed the situation.

Our examination of the record satisfies us that the trial court was not in error, and that its judgment sustaining the demurrer and dismissing the case should be affirmed.

AFFIRMED.