WILLIAM BURES, APPELLANT, V. EDWARD C. STEPHENS ET AL., APPELLEES.

FILED MARCH 17, 1932. NO. 28068.

*Bartos, Bartos & Placek,* for appellant.

*Sloans, Keenan & Corbitt, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ.

DAY, J.

This is a suit in equity to enjoin defendants from draining surface waters from their lands upon the plaintiff's land. The plaintiff appeals from a judgment in favor of defendants denying the injunction sought.

The plaintiff owns the E. ½ of the N. E. ¼ of section 2, township 6, range 2 west of the sixth P. M., and the several defendants own all the remainder of the section. Upon the land of the defendants there is a large basin embracing about 300 acres in which surface water collects. This basin has no natural outlet and until the construction of the artificial ditch, which is the subject of this controversy, the surface water collected and remained until it escaped by percolation and evaporation. For the purpose of draining this land within the basin, the predecessors in title to the parties herein entered into a contract, whereby the owners of defendants' land purchased from the then owners of plaintiff's land one acre and twelve square rods of land, for the purpose of maintaining an open ditch thereon, said purpose being part of the consideration for the deed. At the same time and as a part of the same transaction, the then owner of plaintiff's land was paid a certain sum in full for all damages which had accrued or might thereafter accrue in the future from the water flowing from said ditch. Pursuant to said agreement the drainage ditch was con-

structed in 1904, from the basin, and made to drain into a draw which was located on one of the defendants' land, which crossed plaintiff's land on its way to the creek. This ditch has been open and in use from that date.

Regardless of the deed and contract in this case, an owner of land has a right to drain a temporary basin or pond by means of an artificial ditch into a natural watercourse upon his own land. This right is given by statute. Sections 31-301 and 31-302, Comp. St. 1929, provide as follows:

"Owners of land may drain the same in the general course of natural drainage by constructing an open ditch or tile drain, discharging the water therefrom into any natural watercourse or into any natural depression or draw, whereby such water may be carried into some natural watercourse; and when such drain or ditch is wholly on the owner's land, he shall not be liable in damages therefor to any person or corporation."

"Any depression or draw two feet below the surrounding lands and having a continuous outlet to a stream of water, or river or brook shall be deemed a watercourse."

This statute was first construed in *Aldritt v. Fleischauer*, 74 Neb. 66, wherein the court said that the right to drain in such a manner existed without it. This statute has engaged the attention of the court in *Muhleisen v. Krueger*, 120 Neb. 380; *Flesner v. Steinbruck*, 89 Neb. 129; *Mapes v. Bolton*, 89 Neb. 815; *Steiner v. Steiner*, 97 Neb. 449; *Beem v. Davis*, 111 Neb. 96; *Miksch v. Tassler*, 108 Neb. 208; and *Arthur v. Glover*, 82 Neb. 528. The appellant contends that the ditch does not follow the general course of drainage; that without the ditch the water would never run there. That is undoubtedly true, for without it the basin would not drain. We are of the opinion that the ditch carries the water in the general course of drainage. This question is not discussed because, for the reason hereafter given, it is unnecessary in this case.

In addition to this statutory right, the defendants con-

structed this ditch in 1904 and it has been in use ever since. The defendants have acquired an easement as against the plaintiff for the purpose of the drainage of their land. *Central Irrigation District v. Gering Irrigation District, ante,* p. 199, citing *Moll v. Hagerbaumer,* 98 Neb. 555, *Majerus v. Barton,* 92 Neb. 685, and *Dunbar v. O'Brien,* 117 Neb. 245.

It is argued by appellant that certain work done upon the ditch by the appellees in 1930 changed it by deepening, widening and lengthening it, so that the speed and volume of water was such that the situation was entirely changed, and as a result the damage was greater and different than contemplated by appellant and different from the right acquired by prescription. The evidence does not support this allegation. The work done in 1930 was necessary because the ditch had filled up during the years. It was necessary to clean it out as well as the laterals running into it. The volume of water was always the amount that would collect in the basin. In different years the volume would be larger or smaller depending upon the rainfall. But that is a variant incidental to the right to drainage. The ditch as it existed at the time of the trial was only deep enough to drain the basin, a thing the defendants had a right to do. There is no evidence of negligence in the prosecution of the work. The defendants would be liable to plaintiff for negligence in the construction and/or maintenance of the ditch. However, the evidence does not support a finding that plaintiff has suffered any damage resulting from the work done in 1930. The trial court found that the ditch was constructed and maintained in a careful and proper manner and causes the plaintiff's land no appreciable damage. We reach the same conclusion from the evidence.

Finally, this case is determined by the fact that the plaintiff's predecessor in title sold a strip of land to the defendants for the purpose of constructing this ditch and draining this basin. At the same time a settlement was

made for all future damages resulting from this drainage. The plaintiff cannot now complain of damages resulting from the creation of an easement across the land for drainage.

The judgment of the district court is

AFFIRMED.