WILLIAM POSPISIL, APPELLANT, V. PETER N. JESSEN,
APPELLEE.

44 N. W. 2d 600

Filed November 10, 1950. No. 32834.

*E. S. Schiefelbein* and *Joseph L. Pallat,* for appellant.

*H. A. Bryant,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by William Pospisil, plaintiff and appellant, against Peter N. Jessen, defendant and appellee, to enjoin the maintenance of and to cause to be removed a dike on the lands of the defendant which dike it is claimed interferes with the natural course of drainage of water from about 120 acres of land belonging to the plaintiff.

In the action the defendant filed an answer which is in part in the nature of a cross-petition. By it he charged that on plaintiff's land there were two ponds or basins having no outlet; that plaintiff provided outlets which caused the water therefrom to flow upon defendant's land to his damage. He prayed for an injunction to restrain plaintiff from so diverting the waters from the ponds or basins.

Issues were joined and the action and cross-action were tried to the court. By the decree it was found that the lands of the defendant were generally subservient to the lands of the plaintiff. It was further found however that the waters flowing into the basin on plaintiff's land were not wont to flow naturally over the lands of the defendant.

Pursuant to the finding it was decreed that the plaintiff restore and reconstruct the obstruction which had previously prevented the flow of water from the pond or basin, and that defendant should thereafter lower the dike complained of by plaintiff so that it conformed to the natural topography as it existed prior to its construction. In terms injunction was not granted to either party.

The plaintiff has appealed from that portion of the decree which requires him to restore and reconstruct the obstruction which had previously prevented the flow of water from the pond or basin. The defendant has neither appealed nor cross-appealed.

The plaintiff is the owner of the north half of the southeast quarter and the south half of the northeast

quarter of Section 2, Township 16 North, Range 6 East, in Saunders County, Nebraska. The defendant is the owner of the south half of the southeast quarter in the same section. The land of the defendant immediately adjoins the land of the plaintiff on the south line. Plaintiff's land is higher than that of defendant and the natural course of drainage is southward onto defendant's land and thence southeast where it leaves the section at or about its southeast corner.

By defendant's pleadings two ponds or basins are referred to as existing on plaintiff's lands. There is some evidence of two but the description is of one consisting of a little more than ten acres. The maximum depth of water in the pond or basin when full before an outlet was provided appears to have been from 15 to 18 inches. There is some evidence that it attained a greater depth but this evidence is very indefinite and uncertain. The location of the pond or basin is not accurately established but it must be in the northwest part of plaintiff's land. Waters accumulated in the pond or basin for which there was no outlet until one was artificially made by plaintiff. There was not however a permanent body of water, pond, or lake. By evaporation and percolation the water would disappear and the area was farmed every year. On occasion crops were drowned but there is no evidence of any year when the area was not used for farming purposes.

The plaintiff went on his land in 1936 and sometime thereafter he plowed out a "dead furrow" from the pond or basin for drainage. This furrow allowed the water to escape into the regular drainageway for the flow of waters from his land onto and over the land of the defendant. This practice was followed yearly it appears until probably 1947 when he had a passage for water, also in the regular drainageway, made or graded. It is not ascertainable whether the base or bed of this passage was lower than the furrow but it clearly was of greater width. It was entirely on the land of plaintiff.

After this passage was constructed the defendant constructed a dike along the north line of his land immediately across from the south line of plaintiff's land. It was designed to and did obstruct the natural flow of water from plaintiff's land and caused it in times of heavy flow or heavy rainfall to back up and spread out over plaintiff's land.

The dike has been broken by the force of water which accumulated above but it appears that it still constitutes an obstruction to the free flow of water in this natural course of drainage.

It is this dike which the plaintiff seeks to have removed, and it is the passageway from the pond or basin which the defendant seeks to have obstructed as it was in its natural state.

The foregoing we think is a fair reflection of the material and uncontroverted facts. Under these facts and the manner in which the case comes to this court the only determinable question is that of whether or not the court properly required the plaintiff to restore the obstruction to the flow of water from the pond or basin on his own land so as to prevent the flow of water therefrom as it was prevented in the natural state.

In approaching a determination of this question it becomes necessary to bear in mind certain established principles of law.

By section 31-201, R. S. 1943, it is provided: "Owners of land may drain the same in the general course of natural drainage by constructing an open ditch or tile drain, discharging the water therefrom into any natural watercourse or into any natural depression or draw, whereby such water may be carried into some natural watercourse; and when such drain or ditch is wholly on the owner's land, he shall not be liable in damages therefor to any person or corporation."

This legislative pronouncement has been approved by the decisions of this court. Bures v. Stephens, 122 Neb. 751, 241 N. W. 542; Halligan v. Elander, 147 Neb.

709, 25 N. W. 2d 13; Skolil v. Kokes, 151 Neb. 392, 37 N. W. 2d 616.

In Aldritt v. Fleischauer, 74 Neb. 66, 103 N. W. 1084, 70 L. R. A. 301, it was said: "An owner of land has the right in the interest of good husbandry to drain ponds or basins thereon of a temporary character, and which have no natural outlet or course of flow, by discharging the waters thereof by means of an artificial channel into a natural surface-water drain on his own property, and through such drain over the land of another proprietor in the general course of drainage in that locality, even though the flow in such natural drain is thereby increased over the lower estate, and provided that this is done in a reasonable and careful manner and without negligence." See, also, Arthur v. Glover, 82 Neb. 528, 118 N. W. 111; Skolil v. Kokes, *supra.*

Water flowing in a well-defined watercourse cannot lawfully be diverted and cast upon the lands of another to his damage where it was not wont to run in the natural course of drainage. Leaders v. Sarpy County, 134 Neb. 817, 279 N. W. 809; Born v. Keil, 146 Neb. 912, 22 N. W. 2d 175; Andersen v. Town of Maple, 151 Neb. 103, 36 N. W. 2d 620; Jack v. Teegarden, 151 Neb. 309, 37 N. W. 2d 387; Pint v. Hahn, 152 Neb. 127, 40 N. W. 2d 328.

"Where an obstruction in a natural drainage course constitutes a continuing and permanent injury to other landowners, such landowners may, on a proper showing, obtain a decree ordering the removal of the obstruction." Pint v. Hahn, *supra.* See, also, Leaders v. Sarpy County, *supra;* Andersen v. Town of Maple, *supra.*

"Where a landowner wrongfully diverts waters flowing in a well-defined watercourse and casts them upon the lands of an adjoining landowner where it was not wont to run in its natural state, injunction affords a proper remedy." Pint v. Hahn, *supra.* See, also, Jack v. Teegarden, *supra.*

Applying this statute and the appropriate principles to the facts of this case it becomes necessary to say that

the pond or basin was of a temporary character. Therefore no negligence or lack of reasonable care having been shown, plaintiff had the right to discharge the waters therefrom by means of an artificial channel on his own property in the natural course of drainage and to have it flow also in the natural course of drainage over the land of the defendant.

As to the dike which defendant constructed it was in the natural course of drainage for water coming down from plaintiff's land. It was constructed for no other purpose than to prevent the flow of this water over his land and on down over a natural course to ultimately empty into a creek some miles away. The dike diverted the water from its natural course and caused it to back up and inundate plaintiff's land.

This under the principles announced he had no right to do. The plaintiff was entitled unqualifiedly to have the dike removed to the extent that it interferes with the free flow of water in the natural course of drainage and to an injunction restraining its maintenance or reconstruction.

The decree of the district court is reversed as to that part which requires the plaintiff to reconstruct the obstruction to the flow of water from the pond or basin on his land as is also that part which only conditionally requires the defendant to remove the dike on his land with directions to enter decree granting the injunction as prayed for by plaintiff in his petition and denying the relief prayed for by defendant in his answer.

REVERSED WITH DIRECTIONS.