EMIL ERICKSON ET AL., APPELLANTS, v. LUCILE TYLER ET AL., APPELLEES.

186 N. W. 2d 123

Filed April 23, 1971. No. 37740.

Kelly & Kelly, for appellants.

Sampson & Armatys and Adams & Carstenson, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Plaintiffs Emil Erickson and Elna Erickson brought this action to enjoin defendant Lucile Tyler from maintaining a ditch constructed on her land to carry surface water. She impleaded defendants Mildred Randahl Holtorf and Carl Holtorf. The trial court dismissed the action. We affirm.

Plaintiffs are the owners of the east half of the southwest quarter of Section 24, Township 13 North, Range 6 West of the 6th P. M., in Hamilton County. Lucile Tyler is the owner of the northeast quarter of the northwest quarter of Section 25 in the same township, and the defendants Holtorf are the owners of the northwest quarter of the northwest quarter, which adjoins the Tyler 40 acres on the west. Plaintiffs' land is immediately north of the Tyler land, separated by State Highway No. 66, which runs east and west between the two tracts. The general drainage in the area is to the north.

The Tyler land receives drainage from some rough and hilly pasture land adjoining it on the south, which is referred to as the Heuring pasture land. Surface water had cut a drainageway from the Heuring pasture onto the Tyler land. The evidence would indicate that there were one main and two minor drainageways onto the Tyler land. There was a well-defined drainageway to the northwest across the southeast corner of the Tyler land. One of the principal disputes in the case is whether this drainageway left the Tyler land and extended across the Holtorf land as claimed by the plaintiffs. Defendants claimed, and the evidence is strong, that this drainageway never entered the Holtorf land, but after reaching the western edge of the Tyler land followed a road in that area until it spread out to the northeast over a large area of the Tyler land and emptied into the south ditch of highway No. 66.

Lucile Tyler acquired her land by purchase in 1966. That fall her husband, Donald W. Tyler, a farmer and irrigation engineer who will be hereinafter referred to as Tyler, leveled the land for irrigation. In doing so he filled the low spots on the land, including an acre and a half in the southwest corner which was about 1 foot lower than the surrounding area. He also filled the west drainageway and brought the main body of water from the Huering pasture along the south fence line 250 feet east to a new ditch which he refers to as a grassed waterway and which the plaintiffs refer to as a canal. This waterway runs directly north to the ditch on the south side of highway No. 66. There is and has been since the 1920's a double culvert under this highway east of where the water enters the highway ditch. Admittedly, Tyler straightened out the natural drainageway, but the evidence strongly indicates he has not diverted any water from it.

Emil Erickson testified that prior to the leveling in 1966, water from the Tyler land entered his land at the location of the culvert and then flowed off to the northwest corner. He testified that he had no water problems unless there was a heavy rain, but that occasionally water from the Tyler land flowing through the culvert would flood probably 10 acres of his land. His son testified that before the leveling of the Tyler land, water which ran onto the Erickson property left the Tyler land at approximately the place where Tyler constructed the new ditch. In 1967 water from this source flooded at least 10 acres of his parents' land. In the son's opinion, the leveling had increased the amount of water received from the Tyler land.

Defendants' evidence would indicate that water from the Tyler tract enters the highway ditch at the same place and leaves at approximately the same place as formerly, and that the Erickson land receives approximately the same amount of water as before.

The serious dispute herein is not that some water

from the Tyler tract flowed into the highway ditch, but rather whether the main body of the surface water flowed through the Holtorf tract or spread across the Tyler land and found its way into the highway ditch. The evidence on this point strongly predominates in favor of the defendants.

The decision in this case is controlled by the determination of questions of fact. It is an equity case. Actions in equity are triable de novo in this court. Where, however, as here, the trial court made a personal inspection of the premises and the physical facts, and where the oral evidence is conflicting and in many important respects cannot be reconciled, this court will consider the fact that such examination was made and considered by the trial court, and that the trial court observed the witnesses and their demeanor in testifying and must have accepted one version of the facts rather than the other. Lackaff v. Bogue, 158 Neb. 174, 62 N. W. 2d 889.

Surface water is a common enemy, and the owner of real estate in the interest of good husbandry and in the absence of negligence or evidence of diversion to the injury of the lower landowner, may accelerate its flow in the natural course of drainage without liability to the lower owner. Jorgenson v. Stephens, 143 Neb. 528, 10 N. W. 2d 337.

Plaintiffs call our attention to Linch v. Nichelson, 178 Neb. 682, 134 N. W. 2d 793, in which we said: "It is the law of this state that waters resulting from rainfall and melting snow are diffused waters which an owner may control on his own land. He may collect them, change their course, or pond them upon his land, or cast them into a natural drain without liability. He may not, however, collect such waters and divert them onto the lands of another except in depressions, draws, swales, or other drainageways, through which such waters were wont to flow in a state of nature." That case gives no comfort to plaintiffs. The evidence herein supports a

finding that the water from the Tyler land formerly drained into the south highway ditch and ran onto the Erickson land through the double culvert to the east. While Tyler may have accelerated its flow by draining it into a new waterway, there was no diversion of any nature. The water still emptied into the same highway ditch and reached plaintiffs' land through the culvert. The 1967 rain which forms the basis for plaintiffs' claim of damage in this action was referred to in some of the questions as a 50-year rain, yet the flooding did not involve more than 10 acres of the Erickson land, which Emil Erickson testified was the approximate area occasionally flooded before the leveling.

For the reasons given, the judgment is affirmed.

AFFIRMED.