CYRIL KLUCK ET AL., APPELLANTS, V. JAMES ROBERT
MENTZER ET AL., APPELLEES.
CYRIL KLUCK ET AL., APPELLANTS, V. ESTHER M. ARPS
ET AL., APPELLEES.
347 N.W.2d 306

Filed April 13, 1984.   Nos. 83-223, 83-224.

James A. Cada of Bailey, Polsky, Cada & Todd, for appellants.

George E. McNally, for appellees.

BOSLAUGH, HASTINGS, and GRANT, JJ., and BRODKEY, J., Retired, and RIST, D.J.

RIST, D.J.

Plaintiffs, Cyril and Goldie Kluck, commenced two actions in the district court for Colfax County, Nebraska, seeking injunctive relief against defendants in each case for removal of embankments on defendants' properties, which plaintiffs alleged interfered with the natural drainage of surface and flood waters, thereby causing plaintiffs' damages, and additionally, in one action, seeking restoration of claimed loss of lateral support of plaintiffs' land. Said actions were consolidated for trial, following which both were dismissed. Plaintiffs appeal both judgments of dismissal, which appeals were consolidated for hearing in this court.

Plaintiffs are the owners of the west half of Section 27, Township 17 North, Range 3 East, of the 6th P.M., Colfax County, Nebraska. The Platte River

abuts this property on the south side. Defendants James and Don Mentzer own a tract of land in the east half of said section, bounded on the south by the Platte River and the west line of which is common with a portion of the east line of plaintiffs' property. Defendants Vern and Aaron Arps are the owners of a tract of land in the east half of said section, the south line of which is common with the north line of the Mentzer property and the west line of which is common with a portion of the east line of plaintiffs' property. The land of all parties concerned is in the flood plain of the Platte River. There is what is variously described as a watercourse or drainageway through plaintiffs' land, generally draining to the east onto defendants' lands and thence into the Platte River.

Defendants Mentzer acquired their property in 1970. Their predecessors in title in 1969 constructed a roadway along the west line of the property, which is elevated above plaintiffs' land. The roadway begins 40 to 50 feet north of the river and runs to the northwest corner of said defendants' property. No change has been made in the road since its construction.

Defendants Arps, in the early 1970s, probably 1971, removed topsoil from an area of their property near the west line for the purpose of pumping gravel, and placed such topsoil along the west line to form a roadway. The roadway was above the elevation of plaintiffs' land and begins at a point some distance north of the drainageway from plaintiffs' land into the defendants' property, thence north an undetermined distance along the property line, but not the full length thereof. Said defendants did not complete the construction of said road, at plaintiffs' request. Nothing further was done with respect to the same.

Defendants Arps did, in the early 1970s, pump gravel from their land, the pit coming within 20 to 30 feet of their west property line.

We are faced at the outset with the state of the record on appeal. The bill of exceptions is replete with instances of testimony concerning photographs apparently received in evidence but which are not sufficiently identified during the testimony to permit this court to know which exhibits are being considered. There are also numerous instances of witnesses pointing out aspects of many such photographs to the trial court, but in a manner that could not be preserved in a bill of exceptions so that this court can know what was being presented. Clearly, the trial court could see and consider such matters as they occurred in its presence; but for purposes of appellate review, much of the record is incomplete and unintelligible. It is a case of counsel not preserving and protecting the record. We are therefore in the position that such evidence not being adequately and properly presented and preserved, it must be treated as not effectively included in the record and hence not considered in this court. *Elm Creek State Bank v. Johnson*, 195 Neb. 131, 236 N.W.2d 838 (1975). While both counsel offered evidence in this manner, the same weighs most heavily upon plaintiffs'.

Plaintiffs' claim is essentially that the roadways constructed on defendants' lands restricted floodwaters and surface waters upon such lands for a longer period than would normally occur, blocked the natural course through which such waters would normally flow, and thereby caused pooling and erosion upon plaintiffs' land, which would otherwise not occur. Plaintiffs claim that the pumping of gravel by defendants Arps near the boundary line of the parties deprives plaintiffs of lateral support for their lands.

The flood plain of a stream is considered a part of the channel of such stream, and no one may obstruct the flow of floodwaters in the natural drainage to the detriment of another. *Bahm v. Raikes*, 160 Neb. 503, 70 N.W.2d 507 (1955). The issue in this case is

whether plaintiffs have proved the defendants obstructed such waters to plaintiffs' damage.

While there is some dispute, we find there is convincing evidence that no change occurred in the channel for surface and floodwaters and that plaintiffs' problems of additional floodwaters are the result of actions taken by governmental entities upstream for the protection of other lands and highways. We find no credible evidence to sustain plaintiffs' claim of a loss of lateral support.

We also note that at the conclusion of all the evidence the trial court viewed the premises here involved at the request of the parties. While we review these cases de novo, the rule is that where there are issues of credibility of witnesses, weight must be given to the fact that the trial court saw and heard them, and also of the trial court's inspection of the premises, where, as here, the court gave consideration to such inspection in reaching its decision. *Hardt v. Short-Line Irr. Dist.*, 214 Neb. 612, 335 N.W.2d 292 (1983). This is particularly true in this case, given the state of the record previously noted.

We affirm the judgments of the trial court.

AFFIRMED.