CLARENCE KRAFKA, APPELLANT, V. IRENE BRASE, APPELLEE.
353 N.W.2d 276

Filed August 17, 1984.   No. 83-603.

Robert G. Krafka of Krafka & Sixta, P.C., for appellant.

James M. Egr of Egr & Birkel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.
Plaintiff, Clarence Krafka, appeals the dismissal of his suit to enjoin defendant, Irene Brase, from stopping the natural flow of surface water which caused ponding damage to

plaintiff. The trial judge personally inspected the lands. We affirm.

Krafka assigns as error that the injunction should have been granted on the evidence and as a matter of law. Further error is claimed on the basis that he had acquired a prescriptive right for drainage of water through an artificial culvert.

> While we review these cases de novo, the rule is that where there are issues of credibility of witnesses, weight must be given to the fact that the trial court saw and heard them, and also of the trial court's inspection of the premises, where, as here, the court gave consideration to such inspection in reaching its decision.

*Kluck v. Mentzer*, 217 Neb. 8, 11, 347 N.W.2d 306, 308 (1984).

The farming area here is generally flat; water slowly drains toward the northeast and into the Platte River nearby. Krafka owns the north half of the northwest quarter of Section 24, and, to the north and east, Brase owns the south half of the southeast quarter of Section 13; both are in Township 16 North, Range 1 East, of the 6th P.M., Butler County, Nebraska. The northeast corner of the Krafka land and the southwest corner of the Brase land are common corners. There is a county road running east and west between Sections 13 and 24. The road surface is higher than the Krafka land. There is a grader ditch (ditch) running along the north (Brase's) side of the road. At the northeast corner of the Krafka land there is a 48-inch culvert underneath the road to convey water into the ditch. Some water usually stands in the ditch except during times of heavy rain, when it flows to the east. Prior to 1974, a heavy rainfall sometimes caused the water in the ditch to flow onto the Brase land. At those times some ponding resulted on Krafka's land, but it drained in 24 to 48 hours.

In 1974 Brase did some leveling on her land, and she also built up a dirt embankment along the ditch on the south side of her land for about a quarter of a mile east of the culvert. This embankment is the basis for this lawsuit. Krafka claims that the embankment causes retention of an additional volume of water in the ditch, which prevents water from draining from his land through the culvert and results in ponding of water on about 30 acres of his land, which takes 3 to 6 days to drain.

About 1962, Krafka did some leveling on his land to fill in some low spots and to change the water draining from his land to flow to the north rather than to the west.

"Surface waters are waters which appear upon the surface of the ground in a diffused state . . . which ordinarily result from rainfall or melting snow" [and] "may be dammed, diverted, or otherwise repelled by an adjoining landowner without liability, if it is necessary and done without negligence."

*Sullivan v. Hoffman*, 207 Neb. 166, 172, 296 N.W.2d 707, 711 (1980); *Nichol v. Yocum*, 173 Neb. 298, 113 N.W.2d 195 (1962).

Krafka claims some of the water is not surface water; rather, it is spillover water from a drainage ditch in the area. However, that is not supported in the evidence. The evidence clearly shows that the water here is surface water in a diffused state.

"[W]hen diffused surface waters are concentrated in volume and velocity and *flow into a natural depression, draw, swale, or other drainway*, the rule as to diffused surface waters does not apply." (Emphasis supplied.) *Nichol v. Yocum, supra* at 306, 113 N.W.2d at 200.

The real question, then, is whether Krafka met his burden of proof to show that the Krafka water flowed in a natural depression, draw, swale, or other drainageway.

At most, Krafka's evidence shows that the water generally drained in a northeasterly direction and exits from his land through the culvert. There is evidence that at times of very heavy rainfall some water flows over the road. Krafka relies on a 1962 aerial map that shows ponding in the area of the culvert, which he claims is evidence of a depression. That, standing alone, is not convincing. Most of Krafka's evidence related to the acts of Brase in leveling and creating the earthen embankment which changed the waterflow. Brase's evidence was that the water did not flow from the Krafka land in any waterway or defined course, and this is supported by the findings of the trial court:

The Court concludes that in a state of nature the water simply would not flow in the manner that the Plaintiff claims. The visual inspection of the Plaintiff's real estate indicated no particular source of drainage from the south.

> The Court is left with the conclusion that if there is water accumulating on the Plaintiff's land it is water that could be classified as surface water, which can be repelled by adjoining landowners . . . .

Plaintiff did not sustain his burden of proof, as required in *Yocum*.

Plaintiff relies on *Nickman v. Kirschner*, 202 Neb. 78, 273 N.W.2d 675 (1979), for his claim of a prescriptive right to discharge water upon Brase's land. That case is distinguished on the facts, since it involves the artificial drainage of ponded surface water into a natural water drain on the same land.

AFFIRMED.